## SEYMOUR *vs.* LEWIS & WHITNEY.

Where a creditor receives collateral security for a bond and mortgage, and
agrees to endorse the amount when paid on the bond and mortgage, and
then assigns the principal securities, the debtor on subsequently paying the
collateral security to a third person to whom it has been passed, cannot,
under the *common money counts in* an action of assumpsit, recover back
the money from the original creditor: his remedy is to require the assignee
who took the assignment subject to its equities, to allow the payment.

THIS was an action of *assumpsit*, tried at the Broome circuit in March, 1836, before the Hon. ROBERT MONELL, one of the circuit judges.

The suit was brought to recover a sum of money paid by the plaintiff, which he claimed that the defendants were bound to *refund* to him. The plaintiff was indebted to the defendants in a bond and mortgage, bearing date 11th March, 1834, in the sum of $1200, half of which was to be paid on the 1st June, 1835, and the residue in one year thereafter, with interest annually. On the 1st March, 1835, the plaintiff made his note for $684, being the amount of the first instalment of principal of the bond and mortgage and one year's interest of the whole sum, which, *when paid*, the defendants agreed to endorse. The note was made payable to the order of one James McKinney, who negotiated it, and the plaintiff, on the 27th January, 1836, paid the amount to the holders thereof. Previous to this payment, to wit, on 6th April, 1835, Whitney, one of the defendants, *assigned* the plaintiff's bond and mortgage to one Hill, who two days thereafter assigned the same securities to the Sea Insurance Company. That company called on the plaintiff for payment, and on the 1st June, 1835, he paid to the company $102,91, in full of interest of the bond and mortgage up to the day last mentioned. On this state of facts the plaintiff required the defendants to *refund* to him the $684, with the interest thereof, or to procure the amount to be endorsed on his bond and mortgage, and on their refusal he brought this suit on the 29th January, 1836. The jury, under the direction of the judge,

found a verdict for the plaintiff. The defendants ask for a new trial.

*J. A. Collier*, for the defendants

*D. S. Dickinson*, for the plaintiff

*By the Court*, BRONSON, J. It was not denied on the argument, nor could it be, that both Hill and the Sea Insurance Company took the bond and mortgage subject to all the equities existing between the original parties. When the plaintiff's note, which had already been negotiated, was afterwards paid, it was in law a satisfaction of so much of the mortgage debt; and the plaintiff had the right to insist that the payment should be allowed, whoever might hold the securities. How is it possible then that this action can be maintained? It is said that the defendants made a *contract* to apply the amount on the bond and mortgage, which has been broken. The plaintiff has not counted upon such a contract. But, in truth, this was nothing more than a receipt for so much money to be endorsed when the note should be paid. The mortgage is yet outstanding, so far as appears, and the plaintiff must insist on this payment as against the holders. But should he neglect to do so, he could not call on the defendants to refund the money. *Loomis* v. *Pulver*, 9 Johns. R. 244.

The plaintiff complains that instead of endorsing the amount on the bond and mortgage, the defendants have made it necessary for him to defend a suit in equity. We cannot presume that the insurance company will refuse to allow a payment which they cannot resist; but should they do so, and should the plaintiff be put to trouble or expense in defending his legal rights, that will not authorize him to recover back money paid in part satisfaction of a debt. If the mortgage had not been assigned, the defendants might put the plaintiff to the inconvenience of proving the payment, but that would not entitle him to recover back the money.

It is said that the defendants, having received the whole amount of the mortgage money on making the assignment,

now hold the amount paid by the plaintiff without any title to it; and that it belongs to the plaintiff. It may be true that the defendants have $684 in their hands which does not belong to them; but it cannot be maintained that it belongs to the plaintiff. He paid it in satisfaction of a debt. The money belongs to the assignee of the mortgage. He is the person who has been wronged; and to him the defendants, or Whitney who made the assignment, are answerable. If subjected to this action they might be charged with a double burden.

New trial granted.