Evans and others, executors &c., *vs.* Wilcox.

S. being the owner of premises covered by a mortgage given by a former owner, W. applied to him for $85, and on obtaining that sum, executed the following instrument: "Received, Deposit Oct. 8, 1859, from S. at the hand of E. eighty-five dollars which I promise and agree shall be indorsed on bond and mortgage known as the John Peters mortgage, which I have an interest in." W. was not the holder or owner of the Peters mortgage, at the time; having at most, only some equitable or beneficial interest therein. The money was never indorsed on the Peters mortgage, nor repaid to S. The bond and mortgage came into the hands of a bona fide holder, who paid for it the full amount appearing due, and without deducting the $85. A junior mortgage was subsequently foreclosed, and the property was sold, subject to the Peters mortgage, and without any deduction or credit of the $85. *Held* that an action would lie, by the executors of S., against W. to recover damages for a breach of the agreement contained in the receipt.

APPEAL from a judgment entered upon the report of a referee. The action was brought by the plaintiffs as executors of Henry Sheldon deceased, to recover the sum of $85, with interest which was paid to the defendant, on the 8th of October, 1859, by Henry Evans, one of the plaintiffs, as agent of said Henry Sheldon, upon a bond and mortgage given by Uriah Gregory to John Peters, which said Sheldon had assumed and was bound to pay. The referee found and determined as questions of fact, that some time prior to the 1st day of November, 1859, Uriah Gregory made, executed and delivered to John Peters a bond for the payment of money, and to secure the payment thereof, also made, executed and delivered to said Peters a mortgage upon certain real estate. That John Peters died over ten years since, leaving among other children, Henry Peters, John Peters and the defendant in this suit, said defendant being entitled to a share of the estate of her said father. That said John and Henry, children as aforesaid, were duly appointed the executors of the said John Peters, deceased, as well by his last will and testament as by the proper legal tribunal. That said executors, in 1857, duly assigned said bond and mortgage to Elizabeth

Peters, wife of said John Peters, jun. who thereupon became the owner of the same. That said Elizabeth Peters in the year 1858 or 1859 duly assigned said bond and mortgage to Henry Peters aforesaid, and on or about the 12th day of September, 1860, said Henry Peters assigned the same to one Ira Davenport, who became the legal owner thereof. That the real estate covered and affected by said mortgage was sold and conveyed by said Uriah Gregory to Henry Sheldon. That after such conveyance to him said Sheldon died, and at the time of his death was seized of said real estate. That said plaintiffs are his executors duly appointed; said Sheldon having left a last will and testament. That after the time said Elizabeth Peters was so the holder and owner of said bond and mortgage, the defendant applied to her for some money on her share of her father's estate. That said Elizabeth sent her to Mr. Henry Evans, one of the plaintiffs, but who then was an agent of said Henry Sheldon, who was then living, to get some money on said bond and mortgage. That Evans paid to her the sum of $85 on the 8th day of October, 1859, whereupon she executed to him a receipt of which the following is a copy: " Rec'd, Deposit Oct. 8, 1859, from Henry Sheldon by the hand of Henry Evans, eighty-five dollars, which I promise and agree shall be indorsed on bond and mortgage known as the John Peters mortgage which I have an interest in. $85. LOUISA WILCOX."

That by said receipt the defendant for a valid consideration agreed to see that said sum was legally indorsed and applied upon said bond and mortgage. That when Henry Peters assigned said bond and mortgage to Davenport he guarantied that there was due thereon the sum of $4328.23. That said $85 was not included as having been paid thereon, and that the same never was applied on said bond and mortgage by the defendant nor was it ever indorsed thereon, nor did Sheldon during his life nor his estate since his death have any benefit from the payment thereof allowed to him on said bond and mortgage. That on the 1st day of October, 1857, Shel-

don gave another mortgage on the same premises to Davenport for the sum of $20,000, which was subsequent to the Peters mortgage. That said second mortgage was duly foreclosed in equity and the premises sold thereon for the sum of $7000, to said Davenport, who was the highest bidder for the same; that such sale was made and the premises struck off subject to the said Peters mortgage; that previous to the commencement of this suit Evans, the plaintiff, demanded said $85 of the defendant, which she refused to pay; and that said sum of $85 with interest, being $16.54, was justly due and owing the plaintiffs; and as matter of law that they were entitled to recover the same of the defendant with costs of this suit, said principal and interest being in all $101.54.

*T. More*, for the appellant.

*T. H. Wheeler*, for the respondents.

*By the Court*, CAMPBELL, P. J. The decision of the referee was clearly right. The defendant obtained the money sought to be recovered in this action, and executed the following instrument: "Received, Deposit October 8, 1859, from Henry Sheldon at the hand of Henry Evans, eighty-five dollars, which I promise and agree shall be indorsed on bond and mortgage known as the John Peters mortgage, which *I have an interest in.*" It was both admitted and proved that this money was never indorsed on the bond and mortgage, and there is no pretense that it was ever repaid. The action is for a breach of the contract. It is very clear that the defendant never fulfilled the contract. She had no legal title to or control over the bond and mortgage. They had belonged to the estate of her father, and the executors of her father's estate had assigned them to one Mrs. Elizabeth Peters. How the latter held them—on what trusts or conditions—does not appear; nor does it appear whether the defendant under her father's will was entitled to a certain portion of this bond

and mortgage, or to a certain sum of money, or to a certain undivided portion of his estate. The bond and mortgage was transferred by Mrs. Peters and came into the hands of a bona fide holder for full value, and on payment of the amount appearing due, and without deducting the $85. A junior mortgage was foreclosed and the property sold subject to the mortgage referred to in the receipt, and without any deduction or credit of the $85. When Mrs. Peters sold the bond and mortgage a portion of the proceeds was paid to the defendant, and in the settlement no credit was given by the defendant for this $85, and no reference made to it.

The case is very different and clearly distinguishable from *Seymour* v. *Lewis & Whitney*, (19 *Wend.* 512.) In that case the defendants were the owners and holders of the bond and mortgage. They gave a receipt which was, says Mr. Justice Bronson, " for so much money to be indorsed when the note was paid." The court held that when the note was paid it was a satisfaction of so much of the mortgage debt, and that the assignee took the mortgage subject to all equities. The action was assumpsit to recover back the money paid. In this case the defendant was not the holder ; nor was she the owner. At most she only had some equitable or beneficial interest in the mortgage. She entered into an express contract that the money she received should be indorsed on a mortgage which she did not pretend to own, but which she only claimed to have an interest in. That contract she has not fulfilled, and this action is brought to recover damages for its breach. But it is said that Mrs. Peters, who it is claimed was at the time the holder of the mortgage, authorized the defendant to procure the money on her account as such holder. Now the defendant says that Henry Sheldon, the plaintiffs' testator, was present when she received the $85, and when of course the arrangement was made. Her examination as a witness was therefore objected to. But even if we admit it I do not think it proves any such arrangement or agreement. She testifies that Mrs. Peters owed her and told her to go to Mr. Evans, the

agent of Sheldon, and get money which she owed her on the mortgage, and that she went to Evans and got the $85 and gave the receipt. There is not a word to the effect that she communicated her authority, or that there was any agreement or understanding that the money was paid through her to Mrs. Peters. On the contrary the receipt, or rather agreement, which the defendant executed, tends strongly to show that the money was paid or advanced to the defendant exclusively on her own account and credit; Sheldon and Evans knowing, either from previous information or being then informed that she, the defendant, had some interest in the mortgage, and relying upon her good faith and ability to have the proper indorsement made.

In any event the decision of the referee was right. In my opinion the defendant has established no defense, either legal or equitable, and the judgment should be affirmed with costs.

[Broome General Term, January 27, 1863. *Campbell, Parker* and *Mason*, Justices.]