THE UNITED STATES TRUST COMPANY *vs.* WILEY and others.

A debtor who has been served with a notice that an attachment has been granted against the property of his creditor, has no standing in court to interplead his creditor and the plaintiffs in the attachment.

Where a trust company received a sum of money in deposit, and issued a certificate to the depositors, by which it agreed to allow interest at the rate of four per cent, and to repay the sum deposited, to the depositors or their assigns, with interest, on sixty days' notice; *Held* that the company could not bring a suit to compel the depositors, and creditors who had attached the fund in the plaintiffs' hands, to interplead in respect to their respective rights and equities in the fund.

APPEAL from a judgment of the special term, dismissing the complaint, on demurrer. On the 15th of June, 1861, the defendants, as assignees of Lanes, Boyce & Co., deposited with the United States Trust Company $60,000, for which the company gave them a certificate of deposit, by which it agreed to allow the depositors interest, at the rate of four per cent, and to repay the same, on sixty days' notice, with interest, to the depositors or their assigns, on the return of the certificate. Since then various others of the defendants have claimed said fund as creditors of Lanes, Boyce & Co., alleging that the assignment to Wiley and Lawrence was fraudulent. The late sheriff of New York had served various attachments on the funds in the plaintiffs' hands in suits founded on judgments recovered by creditors against Lanes, Boyce & Co., and impleaded the plaintiffs in said attachment suits. The plaintiffs had also been made defend-

ants in twenty-one other suits instituted by judgment cred-
itors of said Lanes, Boyce & Co., in which suits the funds in
the plaintiffs' hands were claimed. The plaintiffs had also
been served with notices in ten other suits commenced against
Lanes, Boyce & Co. by judgment creditors, in which the
plaintiffs claimed to have acquired a lien on the funds in the
Trust Company's hands, which were prior to the liens so
claimed by the sheriff, and required the plaintiffs, at their
peril, to protect said funds against the other claimants. The
plaintiffs in their complaint alleged that they did not know
which, if any of these various claimants, were entitled to
the funds, and asked that the defendants might interplead.
The defendants Lawrence and Wiley, assignees as aforesaid,
demurred to this complaint, and on the 12th of March, 1863,
Judge Mason, at special term, gave judgment in favor of the
defendants, sustaining the demurrer and dismissing the com-
plaint. The following opinion was delivered by him:

MASON, J. "The plaintiffs are not bailees, upon the facts
stated in this complaint, but must be considered as the debt-
ors of Wiley and Lawrence, for these moneys deposited with
them. (*Commercial Bank of Albany* v. *Hughes,* 17 *Wend.*
94. *In the matter of the Franklin Bank,* 1 *Paige,* 249.
2 *Seld.* 412.) And by the terms of the deposit in this case
the plaintiffs had the right to use the money by paying four
per cent interest; and they were not liable to pay the same
until they had received sixty days' notice and the certificate
which they issued to these depositors was returned to them.
By the very terms of the agreement between the plaintiffs
and Wiley and Lawrence, as shown by the certificate which
the plaintiffs gave them, they must be regarded as borrowers
of this money on time, at four per cent interest. This cer-
tificate acknowledges the receipt of the money, and contains
an absolute promise to pay the amount to Lawrence and
Wiley, with four per cent interest, on sixty days' notice given
to them.

It is most manifest, therefore, in this case, that when the plaintiffs received this $60,000 from Lawrence and Wiley, assignees of Lanes, Boyce & Co., and gave back to them this agreement to repay the same, as above stated, they became absolutely the debtors of Lawrence and Wiley to that amount. This being so, I do not know of any principle of equity upon which the plaintiffs can claim the right to interplead their creditors, Lawrence and Wiley, with these strangers who claim the fund by a hostile and paramount title. These plaintiffs have a perfect right to pay this deposit to their depositors without incurring any liability to the other creditors of Lanes, Boyce & Company, upon the facts stated in this complaint. The plaintiffs have no right to maintain this suit to interplead Lawrence and Wiley and the other creditors of Lanes, Boyce & Co.

No case can be found in the books where a debtor has ever sustained a bill to interplead his creditor and an outsider—a mere stranger—who had no other claim to assert than a mere equity against the creditor to reach the fund loaned; and this really is all there is in this case. The case seems to me too plain for discussion or the citation of authorities.

The demurrer is well taken; for the complaint does not state facts sufficient to sustain a suit of interpleader, and judgment is therefore given for the defendants, upon the demurrer, with costs to be taxed."

The plaintiff appealed from this decision to the general term.

*E. S. Van Winkle,* for the appellants.

*J. Larocque,* for the respondents.

*By the Court,* LEONARD, J. A debtor who has been served with a notice that an attachment has been granted against the property of his creditor, has no standing in court to inter-

plead his creditor and the plaintiffs in the attachment. I am unable to perceive in what respect the present plaintiff has a better case for interpleader. It is, perhaps, not impossible that the money deposited with the plaintiff may be reached by the creditors of Lanes, Boyce & Co. Upon this question it is not necessary to express any opinion. Should such creditors obtain any adjudication which will compel the plaintiffs in this case to apply the deposit on the demands of those creditors, instead of paying it to the depositors, it can be done only under circumstances affording full indemnity. The Trust Company have agreed to pay the deposit to certain persons, with interest. They cannot invoke the intervention of this court to disregard that contract, and inquire into the equities existing between the depositors and a class of persons who have no immediate, but only remote and contingent rights (if any) in respect to the fund.

It would cast upon the court the duty of adjudging in a collateral action, whether the creditors of Lanes, Boyce & Co. can obtain a judgment declaring an assignment made for the benefit of creditors null and void. The creditors may not be in a situation to institute any such inquiry in court, or they may not desire to do so. A collateral inquiry into the merits of such a question ought not to be encouraged.

The claim of the creditors of Lanes, Boyce & Co. against the depositors or the fund, is too remote and contingent to be considered as a ground of interpleader. The manuscript opinion of Judge Ingraham in the case of *Duncan, Sherman & Co.* v. *Bates and others,* is directly in point here.

The judgment should be affirmed, with costs.

[New York General Term, May 2, 1864. *Leonard, Clerke* and *Sutherland,* Justices.]