JOHN J. P. READ, Respondent, *v.* THE MARINE BANK of Buffalo, Appellant.

A payee of commercial paper, payable to order, who has not possession of it, and admits his inability to surrender it on payment, cannot recover thereon against the maker, where it appears that the paper is not lost, but is in the hands of another, although wrongfully, who refuses to surrender it, and claims title in hostility to the payee.

Plaintiff made deposits with defendant, receiving certificates of deposit payable to his order. In an action to recover the amount thereof, it appeared that a sister of plaintiff, claiming that in making the deposits plaintiff acted as her agent, took possession of the certificates; he brought an action against her to recover them, pending which she died; her will was contested, but admitted to probate, and the certificates passed into the possession of her executor, who claimed them as belonging to the estate, and notified defendant of his claim. The decree of probate was reversed and a new trial was ordered, which had not been had when this action was brought. The executor was called as a wit-

*Ante,* page 62.

ness on the trial, and testified that he had the certificates in his possession, but he declined to produce them; he did so, however, upon being directed so to do by the court, and they were offered in evidence by plaintiff. They were objected to on the ground that plaintiff was not in possession of the certificates, and could not surrender them; the objection was overruled; the certificates and in pursuance of a peremptory order of the court, against his protest, he deposited with the clerk. The court denied a motion for a nonsuit and directed a verdict for plaintiff. *Held*, error; that the action of the court in summarily depriving the executor of the custody of the certificates, did not affect the legal rights of the parties; and that plaintiff was not entitled to recover.

*Read* v. *Bank of Attica* (124 N. Y. 671), distinguished.

Also *held*, that the giving of a bond as required by the provision of the Code of Civil Procedure (§ 1917), authorizing a recovery upon lost negotiable paper upon giving indemnity, did not relieve plaintiff of his difficulty.

*It seems*, the proper and most direct remedy was for plaintiff to have brought an action against his sister, or her executor, and defendant, asking that the former surrender the certificates and the latter pay them, in which case the bank could have protected itself by paying the money into court.

Also *held*, the fact that plaintiff's right to bring such an action, or the prosecution of the action which was commenced, was held in abeyance by the contest over the will, did not justify this action against the bank alone.


(Argued December 7, 1892; decided January 17, 1893.)


APPEAL from judgment of the General Term of the Supreme Court in the fifth judicial department, entered upon an order made January 22, 1892, which affirmed a judgment in favor of plaintiff entered upon a verdict directed by the court and affirmed an order denying a motion for a new trial.

This was an action to recover the amount of two deposits of money made by plaintiff with defendant, for which certificates of deposit were issued to him, which stated that he had deposited the moneys to his credit and payable to his order. Defendant's answer averred that plaintiff had never presented said certificates for payment, but that they were in the possession of one George W. Rockwell, who claims the same as assets of the estate of one Elizabeth A. R. Rockwell, deceased,

and that the moneys deposited belonged to her and were deposited by plaintiff as her agent.

The facts, so far as material, are stated in the opinion.

*Benjamin H. Williams* for appellant. The certificates did not become due and payable until a demand of payment had been made. (*Adams* v. *O. Co. Bank,* 17 Wend. 514; *Downes* v. *P. Bank,* 6 Hill, 279; *K. Bank* v. *Gay,* 19 Barb. 460; *Howell* v. *Adams,* 68 N. Y. 421.) The certificates issued to Read were "payable to his order hereon." They did not become payable until indorsed by him. They have never been so indorsed. (*Rowley* v. *N. Bank,* 45 N. Y. S. R. 331; *Munger* v. *A. C. Bank,* 85 N. Y. 586; *N. Bank* v. *W. C. N. Bank,* 5 Hun, 605; *M. Bank* v. *S. Bank,* 10 Wall. 648.) The demand of payment must be accompanied by the certificate, and the party making the demand must be able on payment to surrender it up for cancellation. (*Freeman* v. *Boynton,* 7 Mass. 483; Parsons on Notes & Bills, § 262; Thompson on Bills, § 322; *Crandall* v. *Schroeppel,* 1 Hun, 557; Chitty on Contracts, 662; *Wilder* v. *Seelye,* 8 Barb. 408; *Holmes* v. *De Camp,* 1 Johns. 34; *Jackson* v. *Selover,* 10 id. 367.) The certificates were negotiable instruments differing only from promissory notes in the fact that demand of payment is required to be made before they fall due. (Daniel on Neg. Paper, § 1703; *Barnes* v. *O. Bank,* 19 N. Y. 159; *Laughlin* v. *Marshall,* 19 Ill. 390; *Bank of Peru* v. *Farnsworth,* 18 id. 533; *Cary* v. *McDougall,* 7 Ga. 84; *Kilgore* v. *Buckley,* 14 Conn. 362; *Frank* v. *Wessels,* 64 N. Y. 155.) The certificates could be transferred by delivery without indorsement. (*Raynor* v. *Hoagland,* 7 J. & S. 11; *Briggs* v. *Dorr,* 19 Johns. 95; *Savage* v. *Bevier,* 12 How. Pr. 166; *M. Bank* v. *Vail,* 6 Bosw. 427; Pars. on Notes, 552; *F. N. Bank* v. *Clark,* 42 Hun, 16; *G. N. Bank* v. *Bingham,* 7 N. Y. S. R. 493; 118 N. Y. 349; *Freund* v. *I. Bank,* 76 N. Y. 352.) The plaintiff did not have possession of the certificates, and had not power to surrender them on payment thereof. (*Freeman* v. *Boynton,* 7 Mass. 483; Chitty on Const. 662.) The

certificates were not lost within the meaning of section 1917 of the Code of Civil Procedure, so that a recovery could be had thereon, on giving to the defendant the undertaking provided for by said section, and it is not pretended that the provisions of said section respecting such undertaking have been complied with. (*Frank* v. *Wessels*, 64 N. Y. 155.)

*O. O. Cottle* for respondent. The demand of payment made by the plaintiff was sufficient. (*Read* v. *Bank of Attica*, 55 Hun, 155; *Brookman* v. *Metcalf*, 4 Robt. 568; *Frank* v. *Wessels*, 64 N. Y. 155.) The cancellation of the certificate on the trial was all that was necessary. (*Hinsdale* v. *Bank of Orange*, 6 Wend. 381.) It was shown that the plaintiff was the owner of the certificates, and had the right to cancel them. But that was more than was necessary. That they had not been indorsed so as to become negotiable as commercial paper, and that by cancellation the possibility of their becoming so had ceased, were the important facts. Accidental destruction of paper is sufficient. (*Hedges* v. *Seeley*, 9 Barb. 214; *Briggs* v. *Dorr*, 19 Johns. 95; *Freund* v. *I. Bank*, 76 N. Y. 352; *Colson* v. *Arnot*, 57 id. 260; *C. N. Bank* v. *I., etc., N. Bank*, 44 Hun, 386, 392; *Berrick* v. *Berrick*, 21 Barb. 24.) The action was maintainable upon the facts as they existed when it was commenced. No demand of money was necessary other than that made. (*Frank* v. *Wessels*, 64 N. Y. 155; *Brookman* v. *Metcalf*, 4 Robt. 568; *Hinsdale* v. *Bank of Orange*, 6 Wend. 378; *Des Arts* v. *Leggett*, 5 Duer, 156; Code Civ. Pro. § 1917; *Read* v. *Bank of Attica*, 55 Hun, 154; *Scott* v. *Meeker*, 20 id. 161 *Wright* v. *Wright*, 54 N. Y. 437; *Fairchild* v. *O. C. & R. R. R. Co.*, 15 id. 337; *Read* v. *City of Buffalo*, 67 Barb. 526; 74 N. Y. 463.) It was not necessary to offer a bond of indemnity at the time of the demand. (Code Civ. Pro. § 1917; *Hinsdale* v. *Bank of Orange*, 6 Wend. 378; Story on Prom. Notes, § 106.) When paper which might have been negotiable is canceled or destroyed it ceases to be negotiable, and the true owner may recover on it without a bond of indemnity, on proof of his

ownership. (*Colson* v. *Arnot*, 57 N. Y. 261; *Hinsdale* v. *Bank of Orange*, 6 Wend. 378; *Des Artes* v. *Leggett*, 16 N. Y. 582; *Scott* v. *Meeker*, 20 Hun, 162.) The proof showed that the certificates were taken from the plaintiff's possession without his knowledge or consent, or, in other words, were stolen, and that the plaintiff had never parted with his title to them. The plaintiff had the right to repossess himself of his own property. (*Spencer* v. *McCowen*, 13 Wend. 256; *C. N. Bank* v. *I.*, etc., *Bank*, 44 Hun, 386, 392; *Barrick* v. *Barrick*, 21 Barb. 241; *Colson* v. *Arnot*, 57 N. Y. 260.) No claim could have been made by Rockwell that the court had any reason to respect. (44 Hun, 386; *Livingston* v. *P. I. Co.*, 9 Wend. 518.) The pleadings admit, and the proofs show, that the plaintiff deposited the money. The money when deposited became the property of the defendant, and the defendant became a debtor to the plaintiff for the amount, and could only discharge its obligation by paying the plaintiff or pursuant to his order. For a breach on the part of the bank, of the obligation resulting from the relations between the parties, the depositor alone can sue. (*Crosby* v. *Bowery Svgs. Bank*, 67 How. Pr. 329; *Æ. N. Bank* v. *F. N. Bank*, 46 N. Y. 82; *Weed* v. *H. B. F. Ins. Co.*, 133 id. 397.) The defendants cannot defend on the strength of the title of a third person except in one contingency. They must yield to the demand of the third person and pay over the money. By doing so they take upon themselves the risk of that title and must establish it. (*Mullins* v. *Chickering*, 110 N. Y. 514; *C. Bank* v. *I. Bank*, 44 Hun, 386; *Case* v. *Hall*, 24 Wend. 102; *O'Brien* v. *Jones*, 91 N. Y. 100.) There never was any rule preventing a person, to whom a promise was made, from recovering upon the promise because a third person "claimed" that he owned the demand. (Code Civ. Pro. § 449; *Davis* v. *Reynolds*, 5 Hun, 651; *Weed* v. *H. B. F. Ins. Co.*, 133 N. Y. 395, 406.) The defendant's point that the certificates could be transferred by delivery has no applicability to this case. (*Hedges* v. *Seeley*, 9 Barb. 214; *Briggs* v. *Dorr*, 19 Johns. 95; *Freund* v. *I. Bank*, 76 N. Y. 352; *Colson* v. *Arnot*, 57 id. 260; *C. N.*

*Bank* v. *I.*, etc., *N. Bank*, 44 Hun, 386, 392; *Barrick* v. *Barrick*, 22 Barb. 241.) The offer of evidence that Rockwell claimed the certificates was immaterial. (*Mullins* v. *Chickering*, 110 N. Y. 514; *C. N. Bank* v. *I. N. Bank*, 44 Hun, 386.) Both the plaintiff and defendant asked the court to direct a verdict. Neither party asked the court to submit any question to the jury. The defendant is estopped from raising the point upon appeal that there were questions of fact which should have been passed upon by the jury. (*Ormes* v. *Dauchy*, 82 N. Y. 443; *Dillon* v. *Cockcroft*, 90 id. 640; Baylies Tr. Pr. 230.) By the deposits made by the plaintiff the relation of debtor and creditor was created between him and the bank. The certificates were no necessary part of the transactions. They were not an element in the creation of the indebtedness. They were given only as evidence of the transactions. (*Pelham* v. *Adams*, 17 Barb. 385; *Hotchkiss* v. *Maher*, 48 N. Y. 478.)

MAYNARD, J. The certificates, which the plaintiff received from the defendant, when he deposited the moneys, which he seeks to recover in this action, possessed the attributes of negotiable paper, and were transferable in the same manner. Construing the defendant's contract according to the rules of commercial law, it was not bound to pay the deposit, except upon the production and surrender of the certificates properly indorsed. When the action was brought and tried, the plaintiff was unable to comply with the implied stipulation in his contract with the defendant, which required a tender of the certificates before payment could be exacted. But performance of an impossible thing was not demanded, and the law imported into the contract an exception, that if the paper had been actually lost, and he did not know, and could not reasonably be expected to ascertain where it was, or, if knowing of its existence, it was beyond his power to reclaim it by any lawful method of procedure, the defendant would not be discharged from liability, but a recovery could be had by making substantial indemnity at the trial. The plaintiff's embarrassment

is due to his inability to establish his status as the owner of lost negotiable paper. It appears from the undisputed evidence that these certificates are not lost in the legal signification of the term. They were received by the plaintiff at a time, when his sister was living with him, and it is alleged in the answer, and some proof was offered and excluded to show that they then held their property in common, and that she had an interest in the moneys deposited. Upon a subsequent separation growing out of family differences she took the certificates away with her, and claimed, that in making the deposit her brother had acted as her agent, and that they rightfully belonged to her. Whether this claim was meritorious or fabricated was of no concern to the defendant, and cannot affect the determination of its rights. They may have in fact been abstracted from the custody of the plaintiff by the commission of a larceny, and if he knew where they were, and by the exercise of superior diligence could have recovered their possession, he cannot impose upon the maker the risk of a litigation with a stranger, involving the question of ownership, in which the possession of the certificates would be some evidence to support a claim of title.

The plaintiff appears to have taken this view of the obligation of the parties, for in 1885 he brought an action against the sister to recover the possession of the certificates, upon the trial of which she produced them before the referee, but no decision had been reached when the action abated by her death. Her will was probated after a contest, and letters testamentary issued to her husband, and the certificates passed into his possession, and he claimed to hold them as the representative of her estate, and gave the defendant notice of his claim. The decree of probate was reversed upon appeal and the authority of the executor suspended, and a new trial at the Circuit ordered which had not occurred when this action was brought. Upon these facts the case is not distinguishable from *Van Alstyne* v. *Commercial Bank* (4 Abb. Ct. App. Dec. 449). The suit there was to recover the amount of a draft alleged to have been lost, but shown upon the trial to be in

the possession of a bank in West Virginia, who had obtained it by means of the forged indorsement of the payee, and who refused to deliver it to the plaintiff. A recovery was denied, although it appeared that the paper was beyond the jurisdiction of the courts of this state; and it was held that the plaintiff was bound to resort to the courts of the foreign jurisdiction, or to the Federal tribunals, which were open to him, to recover possession of the instrument, if it was wrongfully withheld, and place himself in a position, where he could surrender it to the bank, before he could compel it to part with the money represented by the absent draft. It is there stated that exhaustive research has failed to find any reported case, or any statement in any treatise upon the subject, which sustains the proposition that payment can be required under such circumstances.

There were no insuperable difficulties in the way of the plaintiff's recovery of these certificates. His action for that purpose against the sister could have been revived and continued after her death by the substitution of the executor as the defendant, or if his authority was suspended during the contest over the will, a temporary administrator could have been appointed and made the party defendant. A still more direct and effective remedy was within the plaintiff's reach. He might have brought an action against the sister and the bank joining them as parties defendant in the same action, and demanding judgment that she be required to surrender the certificates to the bank, and that upon such surrender the latter be required to pay the amount of them to the plaintiff. Such an action is proper when the surrender of the instrument is a condition of the right to enforce payment, and the paper is in possession of a wrongdoer, who refuses to deliver it to the payee, and the maker admits his liability to pay upon receipt of the evidence of his obligation. (*Thomas* v. *Thomas*, 131 N. Y. 208.) In such a controversy the defendant bank could have stood indifferent, and could have protected itself, even against a liability for costs, by paying the money into court, and abiding its decision as to the lawful ownership of it.

Even granting that the plaintiff's right to bring or prosecute an action in either form was held in abeyance during the pendency of the contest over the will, it would not afford a sufficient reason for the maintenance of an action meanwhile against the bank alone.   The inconvenience, if any, resulting from the situation, must be borne by the plaintiff, and cannot be cast upon the defendant, who was in no wise responsible for the safe keeping of the certificates by the plaintiff.

The provisions of the Code (§ 1917) authorizing a recovery upon lost negotiable paper, if indemnity is given, do not relieve the plaintiff of his difficulty.   A bond is not required or authorized as a condition precedent to the right to bring suit, but if it appears upon the trial that the instrument is lost, the plaintiff may still recover upon executing the required undertaking to be approved by the trial judge.   Here the loss of the paper was not shown at the trial, but the contrary affirmatively appeared, for the certificates were present in court, having been produced by the executor under a subpœna *duces.*   The action of the court in summarily depriving the witness of the custody of the certificates, and impounding them pursuant to its direction, cannot affect the legal rights of the parties.   They are still constructively in the possession of the executor, and the order of the court requiring him to deposit them with the clerk cannot be made to perform the functions of a judgment and execution in an action of replevin.

This appeal was twice argued at the General Term.   Upon the first argument, the judgment was reversed for substantially the same reasons we have here given.   Subsequently the plaintiff's case against the Bank of Attica, depending upon a certificate like those here involved, and taken from him by his sister under similar circumstances, was decided in his favor by this court in the Second Division.   (124 N. Y. 671.)   A reargument was thereupon ordered by the General Term, because it was claimed that the decision in that case was controlling. Upon the second argument it was held that the *Bank of Attica* case conclusively established plaintiff's right to recover, and the judgment at the Circuit was affirmed.   A careful

examination of the record in *Read* v. *Bank of Attica* fails to show that it is in any respect decisive of the important questions presented upon this appeal. There were but two exceptions taken in the course of the trial, one to the exclusion of evidence, which was inadmissible under the pleadings, and the other to the direction of a verdict for the plaintiff. The latter exception was not well founded, for upon the proofs the plaintiff was entitled to recover. The defendant conceded that there was no question of fact for the jury, and it did not ask for the direction of a verdict in its own favor. All the material testimony was given by the plaintiff himself, who, it seems, had the certificate in his possession when upon the witness stand, although it had been brought into court by the executor under a subpœna. The plaintiff testified to the deposit of the money, and the issue of the certificate, which was then read in evidence. Its non-payment was not disputed. The plaintiff's case was then fully established, and he was entitled to the direction of a verdict.

It is true that it also appeared from the plaintiff's testimony that the certificate had been taken by his sister, and that she had promised to return it, which was a recognition of his title, and the production of the certificate by the executor in court, and the delivery of it to the plaintiff, were facts from which the inference might be drawn that his possession was in subordination to the plaintiff's title, and not in hostility to it, in the absence of evidence of a claim of title on his part. We have here an entirely different record. The plaintiff called the executor as a witness, who testified that he had the certificates in his possession, but declined to produce them, unless directed to do so by the court, which direction was given, but it was entered upon the minutes that he did not produce them as the property of the plaintiff. The certificates were then offered in evidence, and objected to on the ground that plaintiff was not in possession of them, and could not surrender them upon their payment. The objection was overruled and an exception taken.

The executor further testified, that he had been in possession

of the certificates since June, 1887; that he received them from his wife; that she produced them before the referee in 1886, in the action brought by plaintiff against her, who then made copies of them; that she took them away, and upon her death they came into his hands as her executor; that he had held them ever since and was not willing to surrender them to the defendant, if payment should be made to the plaintiff. The plaintiff testified that he had never sold or transferred the certificates to anybody; that they were taken away by his sister, without his knowledge or consent; that he had requested her to bring them back and she had not done so; that he had commenced an action against her to recover their possession, which was undetermined; that he had never presented them or either of them for payment, and that they were not in his possession.

The defendant moved for a nonsuit upon the grounds that the certificates had never been presented to the bank indorsed for payment; that it affirmatively appeared that they were not in plaintiff's hands or in his possession; that they are negotiable paper, and an action cannot be maintained on such paper, unless the plaintiff has the power and is able to bring the paper into court and surrender it; that they appear to be held by parties claiming under an adverse title to the plaintiff, and that the plaintiff had not established a cause of action. The motion was denied and an exception taken. The features of the case were not changed by the defendant's testimony, and at the conclusion of the evidence the court was asked to direct a verdict for the defendant upon the grounds specified in the motion for a nonsuit, which was refused, and an exception noted, and the court directed a verdict for the plaintiff, which was also excepted to.

The question was thus sharply presented upon this trial, which is not in the record in the *Bank of Attica* case, whether the payee of commercial paper, who has not the possession of it, and who confesses his inability to surrender it on payment can recover against the maker, when it appears by his own showing that the paper is not lost, but is in the hands of

another, although wrongfully, who produces it at the trial, but refuses to surrender it, and claims title to it in hostility to the payee. We do not think a recovery can be had under such circumstances. To hold otherwise would require us to overrule the decision of this court in *Van Alstyne* v. *Bank*, and to establish a dangerous precedent in the administration of the law merchant. This question is not discussed in the opinion of the General Term in the *Bank of Attica* case, and the Second Division merely declared its assent to the views of the court below, with the exception of the allowance of interest, and we are therefore not concluded by the decision there made.

The order and judgment must be reversed, and a new trial granted with costs to abide the event.

All concur.

Judgment reversed.