EMMET M. FITCH, as Administrator, etc., of JANE ELLIS, Deceased, Respondent, v. EDWARD M. McDOWELL and Another, Appellants, Impleaded, etc.

*Note given for a pre-existing debt — equities existing between the assignor and assignee of a chose in action — payment by a mortgagor to a mortgagee by an accommodation note — valid as against an assignee of the mortgagee — foreclosure of a mortgage.*

A note given by a debtor for a pre-existing debt is deemed a payment thereof only when there is an express agreement that it shall be received as such.

The equities existing between the assignor and assignee of a chose in action, not negotiable, attend the title transferred to a subsequent assignee for value and without notice, the latter taking the exact position of his assignor.

The knowledge of an indorsee of a note, that it was given for the accommodation of the indorser, where there is no unlawful diversion, does not prevent a recovery thereon by the former.

A payment by the mortgagor to the mortgagee, on account of the principal due on a bond and mortgage, is valid and binding on an assignee thereof where it appears that the mortgagor did not have knowledge of such assignment, which was not recorded, and that the mortgagee had possession of the bond and mortgage, and that the assignment thereof was by way of collateral security and was afterward destroyed by agreement of the parties thereto.

A mortgagee received from the mortgagor the note of the latter in payment of a portion of the amount secured by the bond and mortgage. Thereafter he discounted the note at a bank, which had knowledge of the purpose for which such note was given, and subsequently he assigned the mortgage to a person ignorant of the partial payment thereof. It was agreed between the mortgagor and the mortgagee, at the time of the giving of such note to the mortgagee, that the note was to operate as a payment on account of the mortgage only when paid.

*Held,* in an action brought by the assignee of the mortgagee for the foreclosure of such mortgage, that the plaintiff therein could only collect from the proceeds of the sale of the property, against which such mortgage was a lien, the amount of the mortgage less the amount of such note;

*Quære,* whether the bank discounting such note could be regarded as the assignee of a portion of such bond and mortgage.

That the giving of such note, to be applied in payment of the amount secured by the bond and mortgage, did not operate to give the bank discounting the same a right to priority of payment before the payment of the balance remaining unpaid and secured by the bond and mortgage.

APPEAL by the defendants, Edward M. McDowell and another, from a judgment of foreclosure of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Clin-

ton on the 28th day of March, 1894, upon the decision of the court, rendered after a trial at the Clinton Circuit before the court, without a jury, with notice of an intention to bring up for review on such appeal said judgment and decision.

This action was brought to foreclose a mortgage. The court found that a bond and mortgage was given by the defendant Edward M. McDowell to John H. Whiteside and another, as trustees; that on February 2, 1882, the bond and mortgage were assigned to Andrew Williams, which assignment was recorded on October 5, 1888. In 1886 Williams borrowed of one Jane Ellis $5,000, and, as collateral security, assigned to her in writing such bond and mortgage; on June 20, 1888, the assignment of Williams to Ellis as collateral was surrendered or destroyed, and an absolute assignment was given by Williams to Ellis. The bond and mortgage was in Williams' possession at the time of the assignment thereof as collateral to Ellis, and remained in his possession until the assignment to Ellis made in 1888. The assignment to Ellis of 1888 was recorded October 5, 1888. After the execution and delivery of the assignment of Williams to Ellis of 1886, a note for $1,750 was made by McDowell and delivered to Williams upon the express condition and agreement between them that the note was to apply as a payment of the mortgage only when paid. The note was discounted at the Iron National Bank of Plattsburgh by Williams, and he received from it the proceeds of such discount. At the time of the discount he stated to the cashier of the bank that the note was given to apply on the McDowell mortgage if paid, and if not, he (Williams) would have to take care of it himself. When the note became due it was renewed at the bank by the same parties. McDowell never paid the note, or any part of it, and when it was given he was not indebted in any amount to Williams, except the amount of such bond and mortgage.

At the time of the assignment of the mortgage to Ellis, and at the time of the giving of such note, Williams was president of such bank, and there was no assignment of the McDowell bond and mortgage to such bank as security for the payment of the note. Jane Ellis had no knowledge of the giving of the $1,750 note, or of any of the facts and circumstances connected with the same or its discount. She paid full value for the bond and mortgage assigned

to her, and was a *bona fide* purchaser thereof. At the time of the execution of the McDowell note, and of the discount thereof, Williams knew of the assignment made by himself to Ellis as collateral to the loan to him of $5,000, and the bank had notice at the time they discounted the $1,750 note that the bond and mortgage had been assigned by Williams to Ellis as collateral.

None of the avails of the note were used in payment of the McDowell mortgage, and Mrs. Ellis received no benefit from the same.

*T. F. Conway,* for the appellants.

*L. L. Shedden,* for the respondent.

PUTNAM, J.:

The arrangement under which the mortgagor, Edward M. McDowell, in November, 1887, made and delivered to Andrew Williams the note for $1,750, described in the answer of defendants as a conditional payment on the bond and mortgage in suit, is as valid and binding upon plaintiff as if the assignment by Williams to Jane Ellis, made in 1886 as collateral security, had not been executed. McDowell was not informed of such assignment — it was not recorded. Williams had possession of the bond and mortgage, and, in fact, was authorized to receive payments thereon. ( *Van Keuren* v. *Corkins,* 4 Hun, 129; 66 N. Y. 77; *Kelly* v. *Bruce,* 17 Wkly. Dig. 39.)

Besides, the unrecorded assignment of 1886 was afterwards destroyed, the absolute title to the bond and mortgage revesting in Williams, and the transfer under which plaintiff claims was executed subsequent to the execution of said note and the transfer thereof to the Iron National Bank of Plattsburgh. It is proper, therefore, to pass on the questions submitted to us as if the note was executed and transferred when Williams was the absolute owner of the bond and mortgage and the assignment as collateral security had not been made.

The situation then was as follows : Williams had a bond for the whole amount of the mortgage debt and also a note for $1,750 thereof. If Williams had not, after the execution and transfer of said note, made the assignment of the bond and mortgage to plain-

tiff's intestate, and had the foreclosure action been brought by him as a plaintiff, he could not have obtained a decree of foreclosure establishing the mortgage debt without deducting the amount of said note, unless he was able to procure and surrender it. (*Battle v. Coit*, 26 N. Y. 404–406 ; *Burdick* v. *Green*, 15 Johns. 247 ; *Seymour* v. *Lewis*, 19 Wend. 512 ; *Lord* v. *Bigelow*, 124 Mass. 185 ; *Elwood* v. *Diefendorf*, 5 Barb. 398–408 ; 18 Am. & Eng. Ency. of Law, 176, and authorities cited.)

And this is the case, although it was expressly agreed that the note should only apply as a payment on the bond and mortgage when paid. In the absence of such an express agreement the law would have implied one — would have engrafted such a provision in the contract. A note given by a .debtor for a pre-existing debt is deemed a payment thereon only when expressly agreed to be received as such. (*Murray* v. *Gouverneur at al.*, 2 Johns. Cas. 438 ; *Van Epps* v. *Dillaye*, 6 Barb. 244–252 ; *Waydell et al.* v. *Luer*, 3 Denio, 410–415 ; *Seymour* v. *Lewis*, 19 Wend. 512.)

A careful examination of the case of *Read* v. *The Marine Bank of Buffalo* (136 N. Y. 454), cited by the learned counsel for respondent, will show that the authority does not sustain the position taken by him on the argument. It was held in that case that " performance of an impossible thing was not demanded, and the law imported into the contract an exception, and if the paper had been actually lost and he did not know, and could not reasonably be expected to ascertain where it was, or if, knowing of its existence, it was beyond his power to reclaim it by any lawful method of procedure, the defendant would not be discharged from liability, but a recovery could be had *by making substantial indemnity at the trial.*" No indemnity was tendered by the plaintiff in this case.

Therefore, had Williams remained the owner of the bond and mortgage and brought an action to foreclose it, instead of the plaintiff, he would only have been entitled to a decree establishing the amount of the mortgage debt at the sum secured by said bond, less the amount of the note, unless he could produce and return the note to the mortgagor.

We are of opinion that plaintiff's intestate acquired no other or superior rights under the bond and mortgage in question than her assignor possessed at the time of the assignment. It is held that

"the equities existing between the assignor and assignee of a chose in action not negotiable attend the title transferred to a subsequent assignee for value and without notice. The latter takes the exact position of his vendor." (*Bush* v. *Lathrop*, 22 N. Y. 535; *Green* v. *Fry et al.*, 93 id. 353; *Hill* v. *Hoole*, 116 id. 299.)

Hence, plaintiff, as against McDowell, the mortgagor (the assignor Williams having transferred the note in question to the Iron National Bank of Plattsburgh, the present owner thereof and of the judgment obtained thereon), being unable to produce and surrender said note, is not entitled to a decree for that part of the mortgage debt represented by the note. As held in *Battle* v. *Coit* (*supra*), the note given to Williams operated at first as a conditional payment on the mortgage debt, but, being transferred and remaining in the hands of the assignee who had obtained judgment thereon, it operated as an absolute payment on the original consideration as between McDowell, Williams and plaintiff as the assignee of the latter.

The note, therefore, under the circumstances, operating as a payment on the mortgage debt, the Recording Act, which is invoked by respondent, cannot be deemed to apply. Plaintiff's intestate took the bond and mortgage reduced by the amount of the note in question. The Iron National Bank of Plattsburgh cannot be considered an assignee of a portion of the mortgage debt within the meaning of the Recording Act.

The learned counsel for the appellants assumes that, the Iron National Bank of Plattsburgh having taken the note with notice that it was given to Williams to apply on the bond and mortgage in question when paid, the mortgagor McDowell could have successfully defended the action brought by said bank on said note. That it was in fact an accommodation note, and the bank had notice of that fact.

Granting that when the note in question was discounted by the bank its cashier was informed by Williams that the note was given to apply on the McDowell mortgage if paid, and if not, he (Williams) would have to take care of it himself, as found by the court below, we are unable to see how McDowell could have successfully defended an action upon the note by the bank. Assuming, as claimed by plaintiff, that the note under consideration was accom-

modation paper, yet, by its terms, the maker, McDowell, agreed to pay two months after its date $1,750 at the Iron National Bank of Plattsburgh, value received.   There was no restriction placed upon Williams as to the use of the said note.   Therefore, Williams had a right to transfer the note to the bank, and there being no unlawful diversion, the latter could recover thereon as against McDowell. (*The Seneca County Bank* v. *Neass*, 3 Comst. 442; *Agawam Bank* v. *Strever et al.*, 18 N. Y. 502; *The Continental Bank of New York* v. *Townsend*, 13 Wkly. Dig. 295; see, also, *Lord* v. *Bigelow*, 124 Mass. 184–189.)   The knowledge of an indorsee of a note that it was given for the accommodation of the indorser, where there is no unlawful diversion, does not prevent a recovery by the former. (*The National Bank of Gloversville* v. *Wells*, 79 N. Y. 498.)

It follows that if plaintiff was legally entitled to the decree entered in this case, the mortgagor, McDowell, may be compelled to pay $1,750 of the mortgage debt twice.   The note was lawfully transferred by Williams to the Iron National Bank of Plattsburgh; the judgment was lawfully obtained by the bank against McDowell thereon and may at any time be enforced.

We are of opinion that the bank was not chargeable with notice of the unrecorded assignment from Williams to Jane Ellis in 1866, as claimed by respondent.   (*Merchants' National Bank* v. *Clark & Others*, 139 N. Y. 314.)

Without discussing other questions in the case, it follows that there must be a reversal of the decree.   We are unable to come to a conclusion that will result in the mortgagor's being compelled to pay a portion of the mortgage debt twice.   Probably a proper disposition of the case would be a simple modification of the judgment by reducing the amount found due plaintiff.   But as the defendant McDowell so requests, we see no objection to making the following disposal of the case:

The amount secured by the mortgage shall be deemed the amount found due by the decree.   Out of the sale of the mortgaged premises plaintiff shall first be paid the amount secured by the bond, less the said note and interest, and also the costs of the action as now in the judgment, and out of the balance of said proceeds, if any, the Iron National Bank of Plattsburgh shall be paid the amount of its judgment recovered on such note.

The transfer of the note from Williams to the bank, operating as a payment as between McDowell and Williams, or his assignee, may have also operated in equity as an assignment of the mortgage security for the amount of the note. But we are unable to say that it could have the effect of giving such equitable assignee the right to a priority of payment before the payment of the legal assignee of the mortgagee.

Let the decree be so modified, with costs of this appeal to be paid by plaintiff to appellants.

MAYHAM, P. J., and HERRICK, J., concurred.

Judgment modified, with costs to be paid by plaintiff to appellants.