### HANNA v. MANUFACTURERS' TRUST CO.

(Supreme Court, Appellate Division, Second Department. April 21, 1905.)

1. BANKS—CERTIFICATE OF DEPOSIT—NATURE OF CERTIFICATE.

A certificate of deposit has the attributes of a negotiable note, and the depositary is liable to deliver the deposit to any holder of the certificate to whom it is properly indorsed.

2. INTERPLEADER—DEPOSITARY IN CERTIFICATE ON DEPOSIT—CLAIM BY INDORSEE—EQUITIES.

Code Civ. Proc. § 820, provides that a defendant against whom an action to recover on a contract is pending may, before answer, on proof that a person not a party makes a demand for the same debt, apply for an order to substitute that person in his place, and to discharge him from liability, on his paying the debt as the court directs. A charter party required the charterer to make a deposit with the owner to protect him from claims against the charterer, and to secure the owner for the restoration of the ship to the same condition that she was at the time of the execution of the charter party, and a certificate of deposit, deposited with the owner under such provisions, was indorsed by the owner; and, in an action by the indorsee against the depositary, it moved for an interpleader showing that the receiver of the charterer had notified defendant that no liens had been filed against the ship, and that, on his information and belief, the amount required to restore the ship would be much less than the amount of the deposit, and that he was entitled to the difference, but there was evidence that the amount required to restore the ship would be at least the amount of the deposit. *Held*, it not appearing that the claim of the receiver had a reasonable foundation, the motion for interpleader was improperly granted.

Appeal from Special Term, Kings County.

Action by William E. Hanna against the Manufacturers' Trust Company, in which defendant moved for an interpleader. From an order granting the motion, plaintiff appeals. Reversed.

Argued before HIRSCHBERG, P. J., and BARTLETT, JENKS, RICH, and MILLER, JJ.

Norman B. Beecher (Henry Galbraith Ward, on the brief), for appellant.

Louis F. Doyle, for respondent.

JENKS, J. I think that the defendant cannot sustain its order of interpleader. The action is brought upon two certificates of deposit issued by the defendant. The certificates represent deposits made by the Nautical Preparatory School, as charterer, pursuant to the sixteenth article of a charter party between it and the International Mercantile Marine Company, owner of the steamship Pennsylvania. That article permitted the charterer to give a bond of a surety company, or to make a deposit in cash with the owner; "the terms of the bond or of the deposit being the same" as the bond

agreed upon in the eleventh article. Such bond was to hold and to save the owner and its steamship harmless from all claims or demands arising, asserted, or pretended by reason of any act, contract, or omission of the charterer, and was also conditioned that the charterer should at the expiration or other termination of the charter, at its own expense and charges, restore the steamship to the same condition she was in at the time of the execution of the charter party.

The two certificates of deposit were transferable. They were indorsed by the charterer to the owner, and, without question, represent a partial compliance with the requirement that there should either be a bond, or the bond of a surety company, or a deposit in cash with that owner. The plaintiff is the indorsee of that owner. The certificates were "intended to represent moneys actually left with the bank for safe-keeping, which are to be retained until the depositor actually demands them." Daniel on Negotiable Instruments, vol. 2, § 1698a. They have the attributes of negotiable promissory notes. Pardee v. Fish, 60 N. Y. 265, 19 Am. Rep. 176; Frank v. Wessels, 64 N. Y. 155; Matter of Baldwin's Estate, 170 N. Y. 156, 63 N. E. 62, 58 L. R. A. 122. The depositary became liable to deliver the deposit to any holder of the certificate to whom it was properly indorsed. Nat. Bank of Ft. Edward v. Washington County Nat. Bank, 5 Hun, 605, appeal dismissed 72 N. Y. 606; First National Bank v. Clark, 42 Hun, 16; Morse on Banks & Banking, § 300.

Section 820 of the Code is governed by the principles which applied to the old action of interpleader. Windecker v. Mutual Life Ins. Co., 12 App. Div. 73, 80, 43 N. Y. Supp. 358, and authorities cited. The basis of the defendant's motion was an alleged claim of Newhall, as receiver of the depositor (the charterer of the steamship); and hence I must inquire whether, as between the plaintiff and such receiver, the defendant is a mere stakeholder for one or the other who claim the stake, and whether, under the circumstances, the defendant may acquit itself by a payment into court. Bassett v. Leslie, 123 N. Y. 396, 25 N. E. 386. The defendant shows that it has been notified by Newhall, as receiver, that he claims the right to demand, collect, and receive the funds against which the certificate was issued, and that he is the owner thereof, "or to have some special property therein or right to receive the same, the particulars of which are set forth in the affidavit of said George H. Newhall, which is hereto annexed, and which has been filed with deponent on behalf of said George H. Newhall," and that said Newhall has protested against payment, and notified it that in event of such payment he will hold the defendant responsible. But the affidavit of Newhall, which avowedly is the ground for this statement of the defendant, and hence is the criterion thereof, does not justify the statement. Now Newhall deposes that the certificates are simply held by this owner as collateral security against liens, that no liens have been filed, and, "on information and belief, that the amount required to restore said steamship to the condition she was in at the time of the execution of said charter party would be much

93 N.Y.S.—20

less than the sum of $10,000, and that he is entitled, as receiver as aforesaid, to the difference between the amount required so to restore said steamship and said sum of $10,000 and the accrued interest." Thus Newhall does not assert any present right to the deposits or the certificates thereof. He does not deny the right of the owner of the ship to hold the deposits as security for liens, and to meet the expense of restoration, in accord with the terms of the charter party; but he bases his claim upon the assertion that there are no liens, and that there will be a surplus over the amount required for such purpose to which he will be entitled. Opposed to the bare assertion that there are no liens is the deposition of the manager of the owner that certain specified libels based upon the breaches of contract by the charterer have been filed to the amount of $10,240, which the owner has been compelled to meet with an undertaking in order to save its ship from seizure. The interpleader represents an attempt of the receiver to impound the deposits which under the terms of the charter party were made in part fulfillment of the sixteenth article, that the cash should be deposited with the owner, in lieu of which the certificates thereof were indorsed over, without his assertion of any right thereto, save that there are no liens, and unless there be a surplus after the expense of restoration. But the charter party did not make the trust company a depositary to hold the money until there was no peril from liens, or to disburse it as required to meet the expense of restoration. I see no reason why the defendant has any right to hold the deposit for either of these purposes merely upon a request from the receiver. The defendant is not bound to pay the deposits, except upon production and surrender of the certificate properly indorsed. Read v. Marine Bank, 136 N. Y. 454, 32 N. E. 1083, 32 Am. St. Rep. 758; Cottle v. Marine Bank, 166 N. Y. 53, 59 N. E. 736. And it cannot avoid its obligation by interpleader sought upon such a claim as is presented by this record. United States Trust Co. v. Wiley, 41 Barb. 477; Third National Bank v. Skillings Lumber Co., 132 Mass. 410; Bassett v. Leslie, supra. It is not a stakeholder between the proper indorsee of the certificate and such a claimant. In United States Trust Co. v. Wiley, supra, the court at Special Term said:

"No case can be found in the books where a debtor has ever sustained a bill to interplead his creditor and an outsider—a mere stranger—who had no other claim to assert than a mere equity against the creditor to reach the fund loaned, and this really is all there is in this case. The case seems to me too plain for discussion or the citation of authorities."

The General Term, in its affirmance, said:

"The trust company have agreed to pay the deposit to certain persons, with interest. They cannot invoke the intervention of this court to disregard that contract, and inquire into the equities existing between the depositors and a class of persons who have no immediate, but only remote and contingent, rights (if any) in respect to the fund."

Under all circumstances, it is not enough that a claim has been made, but it must appear that the claim has some reasonable foundation, so that the court can see the necessity of the shield sought for. Wells v. National City Bank, 40 App. Div. 498, 58 N. Y. Supp.

125; Post v. Emmett, 40 App. Div. 477, 58 N. Y. Supp. 129; Lateer v. Prudential Insurance Co., 64 App. Div. 423, 72 N. Y. Supp. 235. So far as the restoration of the ship is concerned, the receiver but deposes on information and belief, without further reference, that the amount required would be much less than $10,000, while he is opposed by an affidavit of the owner's naval architect, who had a share in the designs for the ocean steamships St. Louis and St. Paul, and who supervised the building of the ocean steamships St. Louis, St. Paul, Kroonland, and Finland, who was familiar with the former and the present condition of the Pennsylvania, and who deposes that the cost would be at least $10,000.

I think that the order must be reversed.

**Order reversed, with $10 costs and disbursements. All concur.**