MERCHANTS' NATIONAL BANK, of Gardner, Kennebec County, Maine, Respondent, v. JOHN CLARK, et al., Impleaded, etc., Appellants.

Where, in an action by a bank upon a promissory note discounted by it, signed in their individual names by officers of a corporation, and which was given to the payee in payment of a debt of the corporation, it is sought to charge the plaintiff with knowledge that it was the promise of the corporation, not of its officers, it is essential to show that such knowledge was acquired by an officer of the bank, not casually and through his individual relations to the other parties, but in an official capacity, and because of a necessity to inquire and know the facts in behalf of the bank.

The fact that a director of a corporation, the payee of the note, was also president of the bank, and that he received the note from the payee, to be offered to the bank for discount, is not sufficient; he is under no obligation in such case to state to the board of directors of the bank his opinion as to the liability of the parties appearing as makers upon the note.

While, in such an action evidence to show what took place at the time the note was offered and received for discount may be proper, in order to prove knowledge by the bank of the facts, subsequent admissions and declarations by individual directors or other officers of the bank would be of no effect to bind it, and so evidence thereof is incompetent.

Statements of an agent are inadmissible to affect his principal, unless in respect to a transaction in which he is authorized to appear for his principal, and he has no authority to bind his principal by statements as to bygone transactions, unless expressly authorized to make them.

Reported below, 64 Hun, 175.

(Argued June 28, 1893; decided October 3, 1893.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, entered upon an order made May 9, 1892, which affirmed a judgment in favor of plaintiff entered upon a verdict directed by the court.

This was an action upon two promissory notes in the following form :

BROOKLYN, N. Y., *Sept.* 1*st*, 1890.

$5,000.        Three months after date we promise to pay to the order of Clark & Chaplin Ice Co., Five Thousand Dollars, at Mechanics' Bank.   Value received.

JOHN CLARK, *Prest.*

E. H. CLOSE, *Treasr.*

*(left margin, rotated:* Ridgewood Ice Co.*)*

At the time the notes were given Clark and Close were respectively president and treasurer of the Ridgewood Ice Company, and they were given in payment of an indebtedness of said company to the payee named, and after being indorsed by the payee named they were discounted by plaintiff before maturity.   Defendants were sued as individuals.   Further facts are stated in the opinion.

*Henry Daily, Jr.,* for appellant.   The notes are the valid obligations of the Ridgewood Ice Company, and the defendants and appellants are not liable upon them as individuals. (*Hicks* v. *Hinde,* 9 Barb. 528; *Mott* v. *Hicks,* 1 Cow. 514; *Hascal* v. *L. Assn.,* 5 Hun, 151; 66 N. Y. 616; *Babcock* v. *Beman,* 11 id. 200; *Bank of Genesee* v. *Patchin Bank,* 13·

id. 309; 19 id. 312, 315, 319; *Moore* v. *McClure*, 8 Hun,
557, 558, 559; 1 Daniels on Neg. Inst. 230, § 307.) The plaintiff
does not aver in its complaint that it received the notes in
suit, without notice that they were the notes of the Ridge-
wood Ice Company, but they claimed on the trial and at the
General Term that the plaintiff did take the notes without
such notice. No evidence was offered by plaintiff on this
point. There is nothing in the plaintiff's contention of inno-
cence. (*Hood* v. *Hallenbeck*, 7 Hun, 362, 367; *Bowne* v.
*Douglass*, 38 Barb. 312, 313; *Olcott* v. *T. R. R. Co.*, 27 N.
Y. 546.) It appears upon the face of the notes in suit that
the agents or the officers of the Ridgewood Ice Company
undertook to bind the company. (*Lee* v. *M. E. Church*, 52
Barb. 116; *Chateau* v. *Suydam*, 21 N. Y. 179; *Hicks* v.
*Hinde*, 9 Barb. 528, 531; *Haight* v. *Sahler*, 30 id. 218.) Parol
evidence was sought to be introduced by appellants to show
that the notes were made and delivered for the indebtedness
of the Ridgewood Ice Company to the Clark & Chaplin Ice
Company, the payee, and of the circumstances which led to
their execution. The court excluded the evidence and the
appellants duly excepted, and these exceptions are valid.
(*Hood* v. *Hallenbeck*, 7 Hun, 362–367; *Bowne* v. *Douglass*,
38 Barb. 312, 313; *Chateau* v. *Suydam*, 21 N. Y. 528–531;
*Haight* v. *Sahler*, 30 Barb. 218.) It was sought to prove by
this witness that he signed the notes as president of the Ridge-
wood Ice Company, and that the two notes in controversy
were delivered on account of the contract between the payee
company and the Ridgewood Ice Company, and that the latter
company had for the past ten years used no other form of
note; that he was never asked by the payee company to give
his individual note, and that the two notes in suit were given
on account of ice delivered by the payee company on the
contract between the two companies. Parol evidence of these
facts and circumstances should have been admitted, and the
exclusion of this evidence was error. (*Babcock* v. *Beman*, 11
N. Y. 200; *Hood* v. *Hallenbeck*, 7 Hun, 362–377.) When
the name of the principal appears on the margin it is sufficient

notice of disclosure of the principal. (*Slawson* v. *Loring,* 5 Allen, 340; *Tripp* v. *S. P. Co.,* 13 Pick. 291; *Fuller* v. *Hooper,* 3 Gray, 337.) The question of the good faith of the plaintiff should have been submitted to the jury. (*Vosburgh* v. *Diefendorf,* 119 N. Y. 357–367; *Kavanah* v. *Wilson,* 70 id. 177, 178, 179, 180; *Gildersleeve* v. *Landon,* 73 id. 609; 94 id. 252–261; *Carroll* v. *Sweet,* 128 id. 19, 23, 24; *C. N. Bank* v. *Diefendorf,* 123 id. 191, 196.)

*Edward B. Merrill* for respondent. It is essential that a negotiable promissory note, if properly drawn, should point out with certainty the parties who enter into the contract expressed by its terms. (*Briggs* v. *Partridge,* 64 N. Y. 357.) It is too late to attempt to establish any new rule with regard to the right to determine the form, or the names of the parties thereto, or the amount promised to be paid therein, or the time or the place of payment of negotiable promissory notes, negotiated before maturity and without notice, when presented by innocent holders for value, by the introduction of parol evidence for those purposes. Such evidence cannot be admitted. (*Pentz* v. *Stanton,* 10 Wend. 271; *Thompson* v. *Ketcham,* 8 Johns. 192; *Stackpole* v. *Arnold,* 11 Mass. 27; *Brown* v. *Spofford,* 95 U. S. 474; *Heman* v. *Francisco,* 12 Mo. App. 560.) Actual possession of a negotiable instrument payable to bearer or indorsed in blank, is plenary evidence of title in the holder until other evidence is produced to control it. (*Collins* v. *Gilbert,* 94 U. S. 753.) One who signs a negotiable promissory note, or any writing, as "agent," "trustee," "director," "president," "treasurer," etc., is regarded in the law as merely describing himself, and hence is held to be personally liable. (*Taft* v. *Brewster,* 9 Johns. 334; *Stone* v. *Wood,* 7 Cow. 453; *Guyon* v. *Lewis,* 7 Wend. 26; *Barker* v. *M. F. Ins. Co.,* 3 id. 94; *Pentz* v. *Stanton,* 10 id. 271; *Moss* v. *Livingston,* 4 N. Y. 208; *De Witt* v. *Walton,* 9 id. 571; *Davis* v. *England,* 141 Mass. 590.) The president of the bank cannot bind the bank or the party asking for the discount because he happens to be a director in both institutions. (*Bank of U. S.* v.

*Dunn,* 6 Pet. 51; *Bank Coms.* v. *Bank of Buffalo,* 6 Paige, 497; *Perry* v. *Milander,* 3 Louis. Rep. 568.) The plaintiff's right to recover is not affected by any constructive knowledge of any of its directors. (*A. S. Bank* v. *Savery,* 18 Hun, 36; 82 N. Y. 291; *Meyer* v. *T. N. Bank,* 111 id. 446, 457; 1 Morse on Banking [3d ed.], §§ 117–135.)

Gray, J. The promissory notes sued upon in this case were in the same form, as was the note in the case of the Casco National Bank against the same defendants, decided at this term.* The reasons given for the affirmance of the judgment in that case apply to the present. These appellants, however, claim that there was error committed by the trial court, in the exclusion of evidence offered for the purpose of showing that the plaintiff knew, at the time it discounted the notes, that they were the notes of the Ridgewood Ice Company and not the notes of these defendants.

It appears that at that time Dennis, who was a director of the Clark & Chaplin Ice Company, the payee in the notes, and which procured them to be discounted, was also the president of the plaintiff. The notes were handed to him in the company's office. He was not examined, and it was not shown that he was conversant with the transaction out of which the note arose, or how it was made; but, assuming that he was, his knowledge was not attributable to the plaintiff. When it is sought to prove that the plaintiff took the note, knowing it to be the promise of the Ridgewood Company, and not that of the appellants, it is essential that the knowledge to be attributed to the plaintiff should have been acquired by its officer, not casually and through his individual relations to the other parties, but in an official capacity, and because of a necessity for him to inquire and to know the facts in behalf of the bank. That was not this case. Dennis, receiving these notes from the company of which he was a director, to be offered for discount by the board of his bank, was under no obligation to state to the board what his opinion was as to the liability of the parties appear-

---

* *Ante,* page 307.

ing as makers upon the notes. The questions, which were put for the purpose of showing a knowledge by plaintiff that these were the notes of the Ridgewood Company, were addressed to the defendant Close, and related to conversations had with Dennis, or with any other officer of the plaintiff, before the commencement of the suit, with regard to the notes. The inquiry was whether, in any of these conversations, the witness had been told that at the time the plaintiff received the notes, it knew they were the notes of the Ridgewood Company. The exclusion of such evidence was perfectly proper. A party to a promissory note should not be permitted to invalidate his written agreement by any testimony of that hearsay nature. If the statements, sought to be elicited in the testimony, had been made to Close, they would have been quite incompetent to prejudice the rights of the bank. While evidence to show what took place at the time when the notes were offered and received for discount, in order to prove knowledge by the bank of the facts, might be proper, subsequent admissions and declarations by individual directors, or other officers, would be of no effect to bind the bank. What they may have said, not being under oath, cannot be evidence against the bank; and upon that principle, as because the statements were not made in strict relation to any agency for the bank, such evidence is inadmissible. The principle of the exclusion is the same as obtains in the ordinary relation of principal and agent. The statements of the latter are inadmissible to affect the former, unless in respect to a transaction in which he is authorized to appear for the principal, and he has no authority to bind his principal by any statements as to bygone transactions. Hearsay evidence of this character is only permissible when it relates to statements by the agent, which he was authorized by his principal to make, or to statements by him which constitute part of the transaction which is at issue between the parties. (1 Morawetz on Priv. Corps. § 540a.)

The judgment should be affirmed, with costs.

All concur.

Judgment affirmed.