NATIONAL BANK OF RONDOUT v. BYRNES. .

(Supreme Court, Appellate Division, Third Department. May 6, 1903.)

1. ACTION ON NOTE—BURDEN OF PROOF.
	The burden was on the maker of a note, when sued by the indorsee, to prove an agreement between the payee and the indorsee that the latter should hold it as the note of the payee, and that it should be paid from the collateral which the indorsee then held from the payee.
2. DECLARATIONS OF AGENTS—EFFECT ON EVIDENCE.
	The declaration of the president of a bank, made long after the transaction in issue, and not at all in the course of his official duties, was not admissible in evidence against the bank.
3. HARMLESS ERROR.
	The admission of immaterial evidence does not constitute reversible error.

Appeal from Trial Term.

Action by the National Bank of Rondout against Thomas F. Byrnes, impleaded, etc. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

Argued before PARKER, P. J., and SMITH, KELLOGG, CHASE, and CHESTER, JJ.

J. Stewart Ross, for appellant.
Howard Chipp, for respondent.

PARKER, P. J. If at the time the note was delivered the bank agreed with Sweeney that it should be held only as the note of Sweeney & Son, and that it should be paid from the collateral security which such bank then held from such firm, then the defendant Byrnes could not be held liable thereon in this action. The trial court so charged without objection, and it therefore became the law of this case. Sweeney testified that the cashier so agreed when he received from him the note in suit. The cashier squarely denied that he so agreed, and testified, in effect, that he received it as a note due from Byrnes to Sweeney & Son. If such was the fact, then, under the charge of the court, to which no objection was taken, the defendant was liable; and that question was clearly and fairly left to the jury to decide. They have decided against the defendant, and I am of the opinion that we should not disturb that verdict as against the weight of evidence. The burden to establish such agreement was upon the defendant. I cannot discover that his evidence was sufficiently strong to overcome the conclusion to which the jury arrived.

The exclusion of the paper marked "No. 1" was not error. It does not appear under what circumstances it was received by the witness, but the trial judge evidently understood it to be but the declaration of the president of the bank, made long after the transaction, and not at all in the course of his official duties. Assuming, as I do, that such was the fact, it was not evidence against the bank. The president was not the bank itself, but a mere agent, when he made that statement, and so his declaration was not evidence. Merchants' Nat. Bank v. Clark, 139 N. Y. 314, 34 N. E. 910, 36 Am. St. Rep. 710; First Nat. Bank v. Ocean Nat. Bank, 60 N. Y. 278, 297, 19 Am. Rep. 181; Anderson v. Rome, W. & O. R. Co., 54 N. Y. 334; Johnston v. Thompson, 23 Hun, 90.

Neither was the ruling which permitted the plaintiff to prove the amount of Sweeney & Son's full indebtedness to the bank reversible error. I doubt whether it was material to the real issue between the parties, but, if not, it had no bearing whatever upon any issue between them. It could not be prejudicial at all to the defendant, and hence is no ground for reversing this judgment.

I conclude the judgment must be affirmed, with costs. All concur.