STATE BANK OF BROCTON, Appellant, v. BROCTON FRUIT JUICE COMPANY et al., Defendants, and JOHN L. CAMPBELL, as Trustee in Bankruptcy of BROCTON FRUIT JUICE COMPANY, Respondent.

Evidence — foreclosure of a mortgage by a bank — when defendant may not prove declarations made by president of the bank after mortgage was recorded tending to show that mortgage was fraudulent as to creditors.

The president of a bank, the plaintiff herein, represented it in accepting and dealing with a mortgage given by a corporation which has since become bankrupt.  On foreclosure of the mortgage the trustee in bankruptcy was permitted to prove declarations made by such officer of plaintiff, after the mortgage had been placed on record, and while not engaged in any transaction on behalf of plaintiff, explaining why it had been withheld from record, for the purpose of sustaining a defense that such mortgage was thereby rendered fraudulent as to creditors.  *Held*, that since an agent may not bind  · his principal by declarations which are merely historical, and which

have no connection with any transaction then being conducted by him with authority, for his principal, the evidence was incompetent. *State Bank* v. *Brocton Fruit Juice Co.*, 152 App. Div. 335, reversed.

(Argued April 24, 1913; decided June 3, 1913.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered July 20, 1912, affirming a judgment in favor of defendant, respondent, entered upon the report of a referee.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Arthur B. Ottaway* for appellant. Reversible error was committed by the reception of incompetent evidence. (*Merchants' Nat. Bank* v. *Clark*, 139 N. Y. 313; *Cobb* v. *United Engineering Co.*, 191 N. Y. 480; *First Bank* v. *Ocean Nat. Bank*, 60 N. Y. 278; *Fox* v. *Village of Manchester*, 183 N. Y. 141; *Tompkins* v. *Fonda Glove Lining Co.*, 188 N. Y. 261; *Wagner* v. *Clausen & Son Brewing Co.*, 146 App. Div. 74; *Anderson* v. *Rome, etc., Co.*, 54 N. Y. 334; *Shattuck* v. *Guardian Trust Co.*, 145 App. Div. 747; *M. Life Ins. Co.* v. *F. S. S. & G. S. F. R. R. Co.*, 139 N. Y. 146; *Bank of N. Y. N. B. Assn.* v. *A. D. T. Co.*, 143 N. Y. 559; *Taylor* v. *Comm. Bank*, 174 N. Y. 190.)

*Louis L. Thrasher* for respondent. Hall's statements to Thayer, Campbell and Thrasher are all competent evidence against the bank. (*Taylor* v. *Comcl. Bank*, 174 N. Y. 181; *Garner* v. *Mangam*, 93 N. Y. 642; *Krumm* v. *Beach*, 96 N. Y. 398; *Fairchild* v. *McMahon*, 139 N. Y. 290; *Hoag* v. *Lamont*, 60 N. Y. 101; 16 Abb. [N. S.] 369; *Pierson* v. *Bank*, 77 N. Y. 309; *Hitchins* v. *Company*, 68 Hun, 33; *Stecher Lithographic Co.* v. *Inman*, 175 N. Y. 124; *Lanahan* v. *Company*, 20 Misc. Rep. 432; *Patterson Co.* v. *Company*, 9 Misc. Rep. 126.)

HISCOCK, J. This action was brought to foreclose a mortgage on real estate executed and delivered to plain-

tiff by a corporation known as the Brocton Fruit Juice Company. Before the action was commenced a trustee in bankruptcy of the mortgagor had been appointed and he and various persons, assumed to be judgment creditors, were joined as defendants. The latter did not defend, but the trustee in bankruptcy served an answer whereby in substance he alleged that the mortgage by agreement of the parties thereto was fraudulently withheld from record for the purpose of enabling the mortgagor to maintain and obtain credit which it did succeed in doing through such suppression of record. On the defense thus interposed it was held that the mortgage was fraudulent and void as to the trustee in bankruptcy and judgment rendered dismissing the complaint.

Amongst others, the trial court found as a supposed basis for such judgment in substance the following facts:

That said mortgage was executed September 18, 1905, and recorded November 4, 1909; that the mortgagor became insolvent some time in September, 1909, and that the plaintiff knew of such insolvency after November 8, 1909, and that the mortgagor was in financial difficulties during the year 1909; that said mortgage was withheld from record pursuant to an understanding between the parties for the purpose of giving said mortgagor a false and fictitious credit and financial standing, and that the effect of withholding it from record was to give such credit and standing; that statements were made by the plaintiff's president prior to the recording of the mortgage for the purpose of inducing creditors to grant extensions of credit to said mortgagor, and that the failure of plaintiff to record said mortgage was " willful." But while there are these general findings concerning credit there are more specific findings, which, construed in the light of the referee's opinion, make it apparent that no creditor save one was induced to give or extend credit as the result of this failure to record the mortgage, and that creditor simply extended payment of its indebtedness for a period which

expired before the mortgage was finally put on record or the mortgagor had become insolvent.

Since the judgment must be reversed for errors in the admission of evidence hereafter to be considered, and since the testimony may be changed on another trial, it does not seem desirable to consider the question at this time whether the proofs and findings sustain the judgment which has been rendered. It does seem proper, however, before passing to a consideration of the errors referred to and which without any doubt call for a reversal of the judgment, to state that in my opinion that question is one for debate.

One Hall was president of the plaintiff and represented it in accepting and dealing with the mortgage. Defendant was permitted to prove declarations made by Hall on more than one occasion after the mortgage had been placed on record, explaining why it had been withheld from record. Without setting forth the evidence thus given it may be stated that it was of a character injurious to plaintiff and utterly incompetent. At the time, Hall was not engaged in any transaction in behalf of the plaintiff with which these statements were connected or to which they were pertinent. The general rule is quite elementary that an agent may not bind his principal by declarations which are merely historical, and which have no connection with any transaction then being conducted by him with authority for his principal. (*Anderson* v. *Rome, W. & O. R. R. Co.*, 54 N. Y. 334; *Merchants' Nat. Bank* v. *Clark*, 139 N. Y. 314; *Taylor* v. *Commercial Bank*, 174 N. Y. 181.)

Therefore, without considering other alleged errors of a somewhat similar nature in the admission of evidence, it follows that the judgment must be reversed and a new trial granted, costs to abide event.

CULLEN, Ch. J., GRAY, WERNER, COLLIN, CUDDEBACK and MILLER, JJ., concur.

Judgment reversed, etc.