MADISON COUNTY TRUST AND DEPOSIT COMPANY, Plaintiff, *v.* RAY B. SMITH and Others, Defendants.

Supreme Court, Madison County, March 6, 1931.

*Hinman, Howard & Kattell* [*Edward A. Kiley* of counsel], for the plaintiff.

*Matterson, Quinn, Higgins & Tormey,* for the defendant Ina L. Miller, as executrix of the last will and testament of Frank T. Miller, deceased.

*Mandel Weisberg,* for the defendant Charles M. Bedell.

*Wilbur, Winslow & Bennett,* for the defendant H. Seymour Getman.

RHODES, J.   This action is brought to recover the balance due on a promissory note dated March 7, 1919, in form signed by the defendant Ray B. Smith and indorsed by the individual defendants above named and by the deceased persons whose representatives are defendants herein.   The balance unpaid on the note is the sum of $4,487.89, with interest to the date of trial amounting to $1,061.56. The defenses interposed by the various defendants will be discussed hereafter.

In 1919 the signers of the note, with others, were endeavoring to organize the Excelsior Insurance Company and were required by the Insurance Department to have on hand the sum of $300,000 before permitting it to commence business.   Having only $260,000, it was arranged to borrow $40,000 by the giving of two notes to be signed by the parties interested.   One-half of the money was borrowed of the Third National Bank of Syracuse and a note for $20,000 given therefor.   The other note of $20,000 was given to the plaintiff, which discounted it and placed the proceeds to the credit of the Excelsior Insurance Company.   This is the note now in suit.   Before the notes were signed, various meetings of the organizers of the company had been held and an agreement reached that the organizers should sign the notes; that stock of the company was to be set aside, placed in trust with said defendants Smith and one William T. Klink, which was to be sold and the proceeds applied upon the notes.   Pursuant to this arrangement, portions of the stock were sold from time to time by the defendant Smith and the proceeds thus applied.   The last payment established as having been made by him on the note in question was in July, 1924.   Very shortly thereafter, and in the same month, the affairs of the company were taken over by the Insurance Department and on July 22, 1924, a committee was appointed to wind up the affairs of the corporation.   Certain payments were thereafter made, the last being on March 8, 1928, but it does not clearly appear whether or not they were made by the defendant Smith out of the proceeds of the sale of the stock in question.   This action was commenced in August, 1929.

The defense is interposed that the note in question never had a valid inception for the reason that a condition was attached to its delivery that it should be signed by those who did sign it and also by James H. Brown, who was president of the plaintiff, and by James Moore who was vice-president of the plaintiff and one of its attorneys.   The latter two did sign the note given to the Third National Bank of Syracuse above referred to, but did not sign the note in suit.   I do not think the facts establish any such agreement. Even if it be assumed that a condition was attached to the delivery

of the note, there is no proof to charge the plaintiff with notice thereof. It is true that Brown, the president of plaintiff, had knowledge of the facts, and presumptively Moore also had such knowledge, but the knowledge of these officers of the plaintiff is not imputable to the plaintiff under the circumstances. (See *Merchants' National Bank* v. *Clark*, 139 N. Y. 314; *Casco National Bank* v. *Clark*, Id. 307; *Corrigan* v. *Bobbs-Merrill Co.*, 228 id. 58; *President, etc.*, v. *Cornen*, 37 id. 320; *Title Guarantee & Trust Company* v. *Pam*, 192 App. Div. 268, 344; *Atlantic State Bank* v. *Savery*, 82 N. Y. 291; *Rockey River Development Company* v. *German American Brewing Co.*, 193 App. Div. 197; affd., 230 N. Y. 590.)

Neither do I think the defense is tenable to the effect that due notice of protest was not given to Mr. Miller or to the representative of his estate. The proof is that the parties agreed that all should be equally liable. Therefore, each was a principal standing in the relation of a maker. It was objected upon the trial that evidence of conversations or transactions tending to establish this agreement were not competent under section 347 of the Civil Practice Act as against the estate of Mr. Miller, deceased. The objection to some of this testimony was sustained as against the executrix of Mr. Miller. However, I think sufficient evidence is in the record to establish, even as against him, that the parties contemplated each should be equally liable. At least for the purpose of this discussion I shall assume that he was in the same category as the other signers, and, therefore, being a principal, no notice of protest was necessary. (See *Union Bank* v. *Sullivan*, 214 N. Y. 332; also Neg. Inst. Law, § 130.)

To my mind a more serious question is raised by the defense of the Statute of Limitations which has been interposed by the defendants Miller, Bedell and Getman. The answer depends upon whether or not the act of the defendant Smith in making payments on the note is to be regarded as implying a new promise made in behalf of the ones sought to be held liable, and with their authority. (See *Brooklyn Bank* v. *Barnaby*, 197 N. Y. 210; *Van Keuren* v. *Parmalee*, 2 id. 523; *Hoover* v. *Hubbard*, 202 id. 289; *Shoemaker* v. *Benedict*, 11 id. 176; *Winchell* v. *Hicks*, 18 id. 558; *Harper* v. *Fairley*, 53 id. 442.)

In *Pickett* v. *Leonard* (34 N. Y. 175) a note was given by a partnership in favor of the plaintiff. Thereafter the firm made a general assignment for the benefit of their creditors authorizing the assignee out of the property assigned to make *pro rata* payments on the debts of the partnership. The assignee made payments upon the note in question and it was sought by the holder thereof to collect the

balance in an action brought against the surviving partner on the theory that the payment made by the assignee extended the time within which the action might be brought. It was held that the action was barred by the statute. The court called attention to the fact that the purpose of the assignment was to devote all the property then owned by the firm to the payment of their debts and that the direction to that effect did not carry with it the authority to renew or extend debts; that if the assignee realized nothing he could pay nothing and that whenever the assigned property was converted into money and applied to the payment of the debts, the functions of the assignee terminated, and that the assignee had no authority by promise, express or implied, to bind the assignors to pay the balance of the debt remaining unpaid after applying the assets thus assigned.

It seems to me that the above case is very similar in principle to the case at bar. In the present case the defendant Smith received certain property for the purpose of selling it and applying the proceeds on the note in question. This was as far as his authority extended. He had no authority to pledge payment out of the remaining property of any other signers of the note. Under the rule established by the authorities, it seems to me that the payments made were not sufficient to take the case out of the statute and that, therefore, the action is barred. If I am correct in these conclusions, the complaint should be dismissed, with costs.