■ LAUREN RISOLI, Respondent, v LONG ISLAND LIGHTING Co., Defendant and Third-Party Plaintiff-Appellant, et al., Defendants. KIMARK RESTAURANT CORPORATION, Doing Business as GROUND ROUND RESTAURANT, Third-Party Defendant-Respondent. [600 NYS2d 497] —In a negligence action to recover damages for personal injuries, the defendant third-party plaintiff Long Island Lighting Co. appeals from a judgment of the Supreme Court, Nassau County (Rossetti, J.), entered January 3, 1991, which, *inter alia,* upon a verdict finding the appellant 88% at fault in the happening of the accident, and Kimark Restaurant Corporation, doing business as Ground Round Restaurant 12% at fault in the happening of the accident, granted the motion of Ground Round Restaurant for judgment notwithstanding the verdict, dismissing the third-party complaint against it.

Ordered that the judgment is affirmed, with costs to the third-party defendant-respondent.

On March 13, 1984, the plaintiff, Lauren Risoli, a waitress at the third-party defendant Ground Round Restaurant, sus-

tained personal injuries when she lit a cigarette that ignited natural gas which had seeped into the ladies' restroom in the restaurant from a defective gas line installed and maintained by the defendant third-party plaintiff Long Island Lighting Company. Contrary to the appellants' contention, the trial court properly determined that the post-accident statement of an assistant manager of the restaurant, to the effect that another waitress had reported the smell of gas a few days before the explosion, could not be considered as evidence against the Ground Round Restaurant. This ruling is in accord with the parameters of New York's "speaking agent" exception to the hearsay rule (see, Loschiavo v Port Auth., 58 NY2d 1040; Nordhauser v New York City Health & Hosps. Corp., 176 AD2d 787). A declaration by an agent without authority to speak for the principal, even where the agent was authorized to act in the matter to which his declaration relates, does not fall within the "speaking agent" exception and thus is not an admission receivable against the principal (see, Loschiavo v Port Auth., supra; Fisch, New York Evidence § 800 [2d ed]).

We have considered the remaining contention of the Long Island Lighting Co. and find it to be without merit. Sullivan, J. P., Eiber, Pizzuto and Joy, JJ., concur.