■ Sue A. Lowen, Appellant, v Great Atlantic & Pacific Tea Company, Inc., Respondent. [636 NYS2d 393] —In a negligence action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, West-

chester County (Lefkowitz, J.), entered October 31, 1994, which, upon an order of the same court, entered October 24, 1994, granting the defendant's motion for summary judgment, dismissed the complaint.

Ordered that the judgment is affirmed, with costs.

In opposition to the defendant's motion for summary judgment, the plaintiff submitted an affidavit in which she stated that Keith Fields, the store employee who assisted her from the floor after she fell, told her "that the water was on the floor because the produce case had been leaking for quite some time".

Contrary to the plaintiff's contention, the foregoing statement did not raise a triable issue of fact as to whether the defendant had actual or constructive notice of the dangerous condition. The hearsay statement of an agent is admissible against his employer under the admissions exception to the hearsay rule only if the making of the statement is an activity within the scope of the agent's authority (see, Loschiavo v Port Auth., 58 NY2d 1040; Risoli v Long Is. Light Co., 195 AD2d 543). There is no indication in the record that Fields, a low-level employee of the defendant, possessed the authority to speak on its behalf. Balletta, J. P., Rosenblatt, Pizzuto, Joy and Altman, JJ., concur.