■ PAULINE WILLIAMS, Respondent, v WALDBAUMS SUPERMARKETS, INC., Appellant. [653 NYS2d 962] —In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Kramer, J.), dated August 14, 1995, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the defendant's motion is granted, and the complaint is dismissed.

The plaintiff brought this action to recover damages for injuries she allegedly sustained when she slipped and fell on a broken bottle of lemon juice. The Supreme Court improperly

denied the defendant's motion for summary judgment on the basis that there was a triable issue of fact as to constructive notice of the condition which allegedly caused the plaintiff's fall. "To constitute constructive notice, a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit the defendant's employees to discover and remedy it" (*Gordon v American Museum of Natural History,* 67 NY2d 836, 837). Here, the defendant met its burden of establishing its lack of awareness of the existence of a defect at the time and place of the occurrence. In opposition, the plaintiff failed to adduce any evidence in admissible form that anyone, including the plaintiff, had seen the juice on the floor prior to her fall. Moreover, absent any proof that the juice was dirty, or had footprints or wheel marks in it, a jury could not reasonably infer that it had been on the floor for any appreciable length of time to permit the defendant's employees to discover and remedy it (*see, Gordon v American Museum of Natural History, supra; Masotti v Waldbaums Supermarket,* 227 AD2d 532).

The Supreme Court improperly found that the alleged comments made by the defendant's store manager shortly after the accident, as testified to by the plaintiff, raised a triable issue as to whether the defendant had constructive notice of the hazardous condition. The plaintiff failed to adduce sufficient evidence in admissible form that the store manager had the authority to make the comments in question so as to bind the defendant or to support her argument that the comments could properly be used to establish notice (*see, Loschiavo v Port Auth.,* 86 AD2d 624, *affd* 58 NY2d 1040; *Gottlieb v Waldbaums Supermarket,* 226 AD2d 344; *Golden v Horn & Hardart Co.,* 244 App Div 92, *affd* 270 NY 544; Richardson, Evidence § 8-208 [Farrell 11th ed]). Mangano, P. J., Miller and Altman, JJ., concur.

Ritter, J., dissents and votes to affirm the order appealed from, with the following memorandum: Because I believe that the manager's alleged statements are admissible as against the defendant and raise a triable issue of fact as to whether the defendant had notice of the alleged hazardous condition, I respectfully dissent.

In an affidavit submitted in opposition to the defendant's motion for summary judgment, the plaintiff averred, "When I fell, he [the manager] came over to me and was thereafter joined almost immediately by a second person, who appeared to be a maintenance person or porter. As soon as the maintenance person (porter) arrived at the scene, the Store Manager

reprimanded the individual, for not arriving at the scene promptly when he was called earlier to clean the spill, which I subsequently slipped on. The Store Manager was very agitated by the fact that the employee of Waldbaums had not come to the scene when he was initially called and he was told that if he had arrived promptly my subsequent accident would not have occurred." In an examination before trial, the plaintiff also stated that the manager had told the employee, "Whenever you are called, you know, you have to come and clean this stuff up".

In *State Bank v Brocton Fruit Juice Co.* (208 NY 492, 495), the Court of Appeals stated: "The general rule is quite elementary that an agent may not bind his principal by declarations which are merely historical, and which have no connection with any transaction then being conducted by him with authority for his principal". (*See also, Loschiavo v Port Auth.*, 58 NY2d 1040; *Kelly v Diesel Constr. Div.*, 35 NY2d 1; Prince, Richardson on Evidence § 8-208 [Farrell 11th ed].) Thus, statements by an agent, made after the fact and in excuse, explanation, or apology, have long been precluded as against the principal unless otherwise admissible under some other exception to the hearsay rule (*see, Luby v Hudson Riv. R. R. Co.*, 17 NY 131, 133 [employee's assertion that brake was out of order not admissible against the employer because, "(t)he alleged wrong was complete, and the driver, when he made the statement, was only endeavoring to account for what he had done"]; *Schner v Simpson,* 286 App Div 716, 718, 720 [statement by employee, " 'I am sorry I knocked you down' ", not admissible against employer because, "(t)he words were not exclamatory but were words of apology"]; *Jankowski v Borden's Condensed Milk Co.,* 176 App Div 453, 454 [employee's assertion, that it was his fault, not admissible against principal because the words "were not exclamatory, but in confession; not accompanying the act, but spoken in a subsequent conversation; not an outcry qualifying a thing done, but in explanation and in accountability"]; *see also, Gottlieb v Waldbaums Supermarket,* 226 AD2d 334). Here, however, this rule is not applicable. Significantly, the alleged exchange overheard by the plaintiff concerned, *inter alia*, the manager's admonishment of an employee for failing to obey a prior direction. Manifestly, the direction and oversight of store employees was within the scope of authority granted the manager by the defendant. Thus, the alleged statements overheard were not "merely historical", but were rather made in connection with a transaction then being conducted by the manager within the scope of authority granted him by the defendant. Accordingly,

I would find the manager's alleged statements to be admissible as against the defendant (*see, Bransfield v Grand Union Co.,* 24 AD2d 586, *affd* 17 NY2d 474; *Falcone v EDO Corp.,* 141 AD2d 498; *cf., Niesig v Team I,* 149 AD2d 94, *affd* 76 NY2d 363; *Brusca v El Al Israel Airlines,* 75 AD2d 798). To the extent that the Court of Appeals affirmance of *Golden v Horn & Hardart Co.* (244 App Div 92, *affd* 270 NY 544) may be read to suggest a contrary result, I note that both this Court and the Court of Appeals declined to follow that case in affirming *Bransfield v Grand Union Co. (supra),* which concerned facts very similar to those at bar, over dissent in each court based on *Golden v Horn & Hardart Co. (supra).*