■ Stella Xenakis et al., Respondents, v Waldbaum, Inc., Appellant. [655 NYS2d 960] —In an action to recover damages for personal injuries, etc., the defendant, Waldbaum, Inc., appeals from an order of the Supreme Court, Richmond County (Leone, J.), dated May 9, 1996, which denied its motion for summary judgment dismissing the complaint.

Ordered that the judgment is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

We agree with the defendant that the Supreme Court erred in denying its motion for summary judgment. In response to the defendant's prima facie showing of its entitlement to judgment as a matter of law (see, Winegrad v New York Univ. Med. Ctr., 64 NY2d 851), the injured plaintiff failed to come forward with any evidence indicating that the defendant either created the alleged defective condition or had actual or constructive notice of its existence (see, e.g., Piacquadio v Recine Realty Corp., 84 NY2d 967; Kraemer v K-Mart Corp., 226 AD2d 590; Rotunno v Pathmark, 220 AD2d 570; Moss v JNK Capital, 211 AD2d 769, affd 85 NY2d 1005). Assuming the truth of the injured plaintiff's belated claim regarding the presence of swirl marks and bubbles in the substance she purportedly slipped on, these allegations, advanced for the first time in opposition to the defendant's motion, failed to raise a genuine triable issue of fact. The injured plaintiff's argument that these previously undisclosed allegations demonstrated that the defendant's employees improperly attempted to clean up the purported spill is based upon speculation and surmise and is insufficient to defeat the defendant's motion.

We have considered the injured plaintiff's remaining contention and find it to be without merit. Thompson, J. P., Sullivan, Pizzuto and Santucci, JJ., concur.