■ GAMAL DAHROUG, Plaintiff, v EILEEN TRIFON, Defendant. (Action No. 1.) GAMAL DAHROUG, Appellant, v WALDBAUM, INC., Respondent. (Action No. 2.) [662 NYS2d 321] —In two related actions to recover damages for personal injuries, the plaintiff appeals from so much of an order of the Supreme Court, Suffolk County (Doyle, J.), dated July 15, 1996, as (1) upon renewal, adhered to a prior determination of the court granting the motion of the defendant Waldbaum, Inc., for summary judgment dismissing the complaint in Action No. 2, and (2) denied his application for leave to amend his bill of particulars in Action No. 2 to assert a new theory of recovery.

Ordered that the order is affirmed insofar as appealed from, with costs.

Contrary to the plaintiff's contention, the Supreme Court properly adhered to its prior determination awarding summary judgment in favor of the defendant in Action No. 2, Waldbaum, Inc. (hereinafter Waldbaum). Waldbaum demonstrated prima facie its entitlement to judgment as a matter of law by presenting evidence that it neither created the dangerous condition nor had actual or constructive notice thereof (*see generally, Piacquadio v Recine Realty Corp.,* 84 NY2d 967; *Kraemer v K-Mart Corp.,* 226 AD2d 590; *Rotunno v Pathmark,* 220 AD2d 570). The plaintiff's submissions, including the "newly proffered" material he placed before the court on renewal, largely consisted of surmise and conjecture and failed to constitute evidence in admissible form sufficient to rebut Waldbaum's prima facie showing (*see, e.g., Xenakis v Waldbaum, Inc.,* 237 AD2d 433; *Williams v Waldbaums Supermarkets,* 236 AD2d 605; *Gottlieb v Waldbaums Supermarkets,* 226 AD2d 344).

Moreover, we discern no improvident exercise of discretion in the denial of the plaintiff's application pursuant to CPLR 3025 (b) to amend his bill of particulars to assert a new theory of recovery based on a purported design and/or construction defect. The plaintiff came forward with no reasonable excuse for his extensive delay in seeking leave to amend, the proposed amendment was not supported by any affidavit of an expert or other statement of merit, and granting the application at such a late stage in the case clearly would prejudice Waldbaum (*see, Volpe v Good Samaritan Hosp.,* 213 AD2d 398; *Thompson v Connor,* 178 AD2d 752; *Bertan v Richmond Mem. Hosp. & Health Ctr.,* 106 AD2d 362; *Perricone v City of New York,* 96 AD2d 531, *affd* 62 NY2d 661). O'Brien, J. P., Sullivan, Altman and McGinity, JJ., concur.