■ Margie L. Rivest et al., Appellants, v Pizza Hut of America, Inc., Respondent. [693 NYS2d 232] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from (1) an order of the Supreme Court, Orange County (Peter C. Patsalos, J.), dated June 16, 1998, which granted the defendant's motion for summary judgment dismissing the complaint, and (2) an order of the same court, dated September 9, 1998, which denied their motion, denominated as one for leave to renew and reargue the prior motion, but which was in actuality a motion for reargument.

Ordered that the appeal from the order dated September 9, 1998, is dismissed; and it is further,

Ordered that the order dated June 16, 1998, is affirmed; and it is further,

Ordered that the defendant is awarded one bill of costs.

The Supreme Court properly granted the defendant's motion for summary judgment. The defendant sufficiently established its entitlement to that relief as a matter of law (*see, Dwoskin v Burger King Corp.,* 249 AD2d 358). In opposition, the plaintiffs were required to demonstrate the existence of an issue of fact that the defendant either created the puddle of water on the

floor which allegedly caused the accident or had actual or constructive notice of it (*Bradish v Tank Tech Corp.*, 216 AD2d 505), and they failed to do so.

Contrary to the plaintiffs' contentions, the record contains only speculation that the defendant either created the puddle of water (*see, Xenakis v Waldbaum, Inc.*, 237 AD2d 433) or had actual or constructive notice of the condition (*see, Kaufman v Man-Dell Food Stores*, 203 AD2d 532; *Dwoskin v Burger King Corp., supra*; *Lowe v Olympia & York Cos. [USA]*, 238 AD2d 317). The Supreme Court properly found that the alleged statement of the defendant's manager after the accident failed to raise a triable issue. There was insufficient evidence that the manager had the authority to make the alleged statement or to support the argument that the statement could properly be used to establish notice (*see, Williams v Waldbaums Supermarkets*, 236 AD2d 605).

Although the plaintiffs denominated their motion as one for renewal and reargument, they failed to offer a valid excuse for failing to submit the additional facts in opposition to the original summary judgment motion (*see, Foley v Roche*, 68 AD2d 558). Thus, their motion was actually one for reargument and no appeal lies from an order denying reargument (*King v Rockaway One Co.*, 202 AD2d 395).

The plaintiffs' remaining contentions are without merit. O'Brien, J. P., Krausman, Florio and H. Miller, JJ., concur.