■ JOHN KOROTHY et al., Appellants, v GARY CORWIN, Respondent. [712 NYS2d 569] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Nassau County (DeMaro, J.), dated April

21, 1999, which, upon the granting of the defendant's application pursuant to CPLR 4401 for judgment as a matter of law, made at the close of the plaintiffs' case, is in favor of the defendant and against them, and dismissed the complaint.

Ordered that the judgment is affirmed, with costs.

The plaintiff John Korothy slipped on a small puddle of water as he was about to descend a ladder between the decks on the defendant's boat. To establish a prima facie case of negligence, the plaintiffs were required to prove that the defendant created a dangerous condition, or had actual or constructive notice thereof (see, McDuffie v Fleet Fin. Group, 269 AD2d 575; Birthwright v Mid-City Sec., 268 AD2d 402; Rivest v Pizza Hut, 264 AD2d 388).

Under the circumstances of this case, the small puddle of water on an exterior deck of the defendant's privately-owned 28-foot-long water craft did not constitute a dangerous condition, but rather, was an open and obvious one inherent in the activity of pleasure boating (see, Best v Town of Islip, 265 AD2d 357; Egeth v County of Westchester, 206 AD2d 502). In any event, the plaintiffs failed to prove that the defendant created or had actual or constructive notice of the puddle, thus precluding the imposition of liability (see, Sanchez-Acevedo v Mariott Health Care Serv., 270 AD2d 244; Paciello v May Dept. Stores Co., 263 AD2d 533; Dwoskin v Burger King Corp., 249 AD2d 358).

The plaintiffs' remaining contentions are without merit. Sullivan, J. P., S. Miller, Florio and McGinity, JJ., concur.