■ JANETTE F. MELENDEZ, Respondent, v MELMARKETS, INC., Doing Business as FOODTOWN, Appellant. [714 NYS2d 688] —In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Nassau

County (Franco, J.), dated December 20, 1999, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The Supreme Court erred in denying the defendant's motion for summary judgment, as the defendant met its burden of establishing that it neither created the dangerous condition which allegedly caused the accident nor had a reasonable time within which to discover and remedy the condition (*see, Gordon v American Museum of Natural History,* 67 NY2d 836; *Strowman v Great Atl. & Pac. Tea Co.,* 252 AD2d 384; *Bernard v Waldbaum, Inc.,* 232 AD2d 596). In addition, the plaintiff failed to adduce sufficient evidence in admissible form that a statement allegedly made by the store manager was made with the authority to speak for the defendant (*see, Loschiavo v Port Auth.,* 86 AD2d 624, 625; *Rivest v Pizza Hut,* 264 AD2d 388; *Williams v Waldbaums Supermarkets,* 236 AD2d 605; *Masotti v Waldbaums Supermarket,* 227 AD2d 532). Accordingly, the defendants' motion for summary judgment should have been granted. Mangano, P. J., S. Miller, McGinity, Luciano and Smith, JJ., concur.