■ CHRISTINA PAINO et al., Appellants, v FRIENDLY ICE CREAM CORP., Respondent. [756 NYS2d 894] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from (1) an order of the Supreme Court, Suffolk County (Emerson, J.), dated September 10, 2001, which granted the defendant's motion for summary judgment dismissing the complaint, and (2) a judgment of the same court entered February 14, 2002, dismissing the complaint.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondent.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho,* 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The Supreme Court properly granted the defendant's motion for summary judgment as it sufficiently established a prima facie case that it neither created nor had actual or constructive notice of the allegedly dangerous condition (*see Dwoskin v Burger King Corp.,* 249 AD2d 358 [1998]). Contrary to the plaintiffs' contentions, they failed to raise a triable issue of fact as to whether the defendant had actual or constructive notice of the condition (*see Rivest v Pizza Hut of Am.,* 264 AD2d 388 [1999]). Moreover, the plaintiffs failed to adduce sufficient evidence that a statement allegedly made by the general manager of the defendant's restaurant in which the plaintiff was injured was made with the authority to speak for the defendant (*see Loschiavo v Port Auth. of N.Y. & N.J.,* 86 AD2d 624 [1982], *affd* 58 NY2d 1040 [1983]; *Melendez v Melmarkets,* 276 AD2d 535 [2000]; *Rivest v Pizza Hut of Am., supra*). The plaintiffs did not raise a triable issue of fact. Accordingly, summary judgment was properly granted to the defendant.

The plaintiffs' remaining contentions are without merit. Altman, J.P., Florio, Friedmann and H. Miller, JJ., concur.