■ JOAN COHN, Appellant, v MAYFAIR SUPERMARKETS, INC., Doing Business as EDWARDS SUPER FOOD STORES, INC., Respondent. [759 NYS2d 131] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Segal, J.), dated April 30, 2002, which granted the defendant's motion for leave to reargue its prior motion for summary judgment dismissing the complaint which was denied in an order of the same court dated March 11, 2002, vacated the prior order, and granted the motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff allegedly sustained injuries when she slipped and fell on a wet spot in the laundry aisle of the defendant's supermarket. The defendant moved for summary judgment dismissing the complaint, and sustained its initial burden of demonstrating that it did not create or have actual or constructive notice of the spilled detergent, which allegedly caused the plaintiff's fall, by submitting evidentiary proof, which included the affidavit of the supermarket's customer operations manager.

In opposition, the plaintiff relied upon the store manager's alleged postaccident statement, in which he reprimanded an employee for not cleaning the wet spot 15 minutes earlier when

the employee was told to do so. Contrary to the plaintiff's contention, that statement is hearsay which cannot be used by the plaintiff to raise a triable issue of fact as to the defendant's actual or constructive notice (*see Loschiavo v Port Auth.,* 58 NY2d 1040 [1983]; *Masotti v Waldbaums Supermarket,* 227 AD2d 532, 533 [1996]; *Gottlieb v Waldbaum's Supermarket,* 226 AD2d 344 [1996]; *Lowen v Great Atl. & Pac. Tea Co.,* 223 AD2d 534, 535 [1996]; *Golden v Horn & Hardart Co.,* 244 App Div 92 [1935], *affd* 270 NY 544 [1936]; *cf. Gelpi v 37th Ave. Realty Corp.,* 281 AD2d 392 [2001]; *Stern v Waldbaum, Inc.,* 234 AD2d 534, 535 [1996]).

The store manager's statement is also not admissible as an exception to the hearsay rule. Under the speaking authority exception to hearsay, an employee's comments can be binding on an employer if the plaintiff submits evidence in admissible form establishing that the employee's statement was made within the scope of the employee's authority to speak for the employer (*see Melendez v Melmarkets, Inc.,* 276 AD2d 535, 536 [2000]; *Williams v Waldbaums Supermarkets,* 236 AD2d 605, 606 [1997]). Here, the plaintiff did not provide evidence that the store manager had such authority to speak on behalf of the defendant (*see Risoli v Long Is. Light. Co.,* 195 AD2d 543, 544 [1993]). Therefore, to the extent that the plaintiff seeks to use the store manager's postaccident statement to raise a triable issue of fact, the statement is not admissible against the defendant as evidence of actual or constructive notice of the wet condition.

Accordingly, the Supreme Court properly granted the defendant's motion for leave to reargue and upon reargument, properly granted summary judgment dismissing the complaint. Feuerstein, J.P., McGinity, H. Miller and Adams, JJ., concur.