■ SHARON E. BATTELLI, Appellant, v FOX HILL COUNTRY CLUB, Doing Business as GIORGIOS, Respondent. [768 NYS2d 382]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Dunn, J.), dated October 15, 2002, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

Contrary to the plaintiff's contention, the defendant satisfied its initial burden on the motion for summary judgment by demonstrating through the deposition testimony of its part-time manager and certain restaurant guests that the alleged leak that caused the wet condition upon which the plaintiff fell started only moments before the accident, and that it did not have notice of the condition (*see Chemont v Pathmark Supermarkets,* 279 AD2d 545 [2001]).

The plaintiff failed to raise a triable issue of fact in opposition to the defendant's prima facie showing of entitlement to judgment as a matter of law (*see generally Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851 [1985]). Her reliance on the purported statements of the defendant's part-time manager and an unidentified female patron to establish notice of the condition on the part of the defendant is misplaced. Assuming arguendo that those statements constituted evidence in admissible form (*but see Paino v Friendly Ice Cream Corp.,* 304 AD2d 543 [2003]; *Sherman v Tamarack Lodge,* 146 AD2d 767 [1989]), there was no showing that they concerned the same condition which caused the plaintiff's fall, nor do they demonstrate that the defendant had a reasonable time within which to remedy the condition (*see Gordon v American Museum of Natural History,* 67 NY2d 836 [1986]). Santucci, J.P., McGinity, Schmidt and Adams, JJ., concur.