■ NANCY LUKSCH, Appellant, v BLUM-ROHL FISHING CORP., Respondent. [771 NYS2d 136]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Joseph, J.), dated April 2, 2002, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is denied, and the complaint is reinstated.

The plaintiff alleges that she was injured when she slipped and fell on the deck of the defendant's charter fishing vessel after she boarded it for a morning fishing excursion. According to the plaintiff, the defendant collected a fee from the prospective passengers before they boarded the vessel, after which one of its personnel ushered the passengers up a set of stairs, across a platform, onto a step on the bow of the boat, and then down onto a deck.

The plaintiff, the first to board, was well off the step, past a metal plate, and onto the wooden deck when she slipped in a puddle of water. The plaintiff and her sister, who was fishing with her that day, describe the whole area of the deck as very wet with standing water pooling in spots. According to the plaintiff's sister, the amount of water on the deck was more than she had ever seen on a boat before, but the day was dry and sunny and the dock she crossed to get to the boat was dry.

The Supreme Court granted the defendant's motion for summary judgment, finding that there was no evidence that the defendant created or had notice of the dangerous condition, that the water on the deck was an open and obvious condition that was inherent in the activity of pleasure boating, and that the defendant had no duty to warn of an open and obvious condition. We reverse.

The duty of a boat owner, like any property owner, is to exercise reasonable care to keep its premises, here its vessel and its equipment, in a reasonably safe condition, which includes providing a safe means of ingress and egress (*see Monteleone v Bahama Cruise Line,* 838 F2d 63, 64-65 [1988]; *Gallagher v St. Raymond's R.C. Church,* 21 NY2d 554, 557 [1968]; *Shirman v New York City Tr. Auth.,* 264 AD2d 832, 833 [1999]). A property owner may be liable for damages resulting from a slip and fall on a defective condition on its premises if it created the defective condition, or if it had either actual notice or constructive notice of the condition in sufficient time to remedy it (*see Gordon v American Museum of Natural History,* 67 NY2d 836 [1986]).

The defendant met its initial burden of making a prima facie showing of entitlement to judgment as a matter of law and the burden shifted to the plaintiff to raise a triable issue of fact through admissible evidence (*see Alvarez v Prospect Hosp.,* 68 NY2d 320 [1986]). The plaintiff satisfied her burden through her deposition testimony and the deposition testimony of her sister. If, as the defendant agreed for the purposes of its motion, the standing water on the deck was open and obvious to the plaintiff, then it can be reasonably inferred to have been just as

open and obvious to the defendant's employee(s) for the purpose of notice.

The Supreme Court relied on *Korothy v Corwin* (275 AD2d 301, 302 [2000]) for the proposition that the condition at issue was inherent in the activity of pleasure boating. That case is distinguishable, since the activity of pleasure boating had not begun in the case at bar. Moreover, regarding the open and obvious condition, the holding of *Korothy* has been superseded by *Cupo v Karfunkel* (1 AD3d 48 [2003]).

The plaintiff's alleged failure to make reasonable use of her senses to avoid such a condition is now only one factor to be considered in the assessment of comparative negligence (*see Cupo v Karfunkel, supra; Massucci v Amoco Oil Co.,* 292 AD2d 351, 352 [2002]; *Chambers v Maury Povich Show,* 285 AD2d 440 [2001]). It does not relieve the property owner of the duty to use reasonable care to maintain its property in a reasonably safe condition "in view of all the circumstances, including the likelihood of injury to others, the seriousness of the injury, and the burden of avoiding the risk" (*Peralta v Henriquez,* 100 NY2d 139, 144 [2003], quoting *Basso v Miller,* 40 NY2d 233, 241 [1976]).

Accordingly, the motion for summary judgment should have been denied. Krausman, J.P., Townes, Crane and Mastro, JJ., concur.