■ WARREN S. DANK, Appellant, v SEARS HOLDING MANAGEMENT CORPORATION et al., Respondents. [940 NYS2d 648]—

In an action to recover damages for fraud and violation of General Business Law §§ 349 and 350, the plaintiff appeals from (1) a judgment of the Supreme Court, Nassau County (Bucaria, J.), entered December 2, 2010, and (2) an amended judgment of the same court entered March 24, 2011, which, upon the granting of the defendants' motion pursuant to CPLR 4401 to dismiss the causes of action alleging fraud and a violation of General Business Law § 350 for failure to establish a prima facie case, made at the close of the plaintiff's case, and upon a jury verdict on the issue of liability finding that the defendants were not liable on the cause of action alleging a violation of General Business Law § 349, is in favor of the defendants and against him, dismissing the complaint.

Ordered that the appeal from the judgment is dismissed, as the judgment was superseded by the amended judgment; and it is further,

Ordered that the amended judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the defendants.

The defendants, Sears Holding Management Corporation and Sears, Roebuck and Co. (hereinafter together Sears), are national retailers of consumer goods. In February 2007, Sears published a policy promising, in pertinent part, to match the "price on an identical branded item with the same features currently available for sale at another local retail store." The plaintiff requested at three different stores that Sears sell him a flat-screen television at the same price at which it was being offered by two other retailers. His request was denied at the first two Sears stores on the basis that each store manager had the discretion to decide which retailers are considered local and therefore which prices to match. Eventually, he purchased the television at the third Sears store at the price offered by one retailer, but was denied a lower price offered by another. The plaintiff commenced this action against Sears, alleging violations of General Business Law §§ 349 and 350 and fraud. During a jury trial, at the close of the plaintiff's case, the Supreme Court granted the defendants' motion pursuant to CPLR 4401

to dismiss the causes of action alleging fraud and a violation of General Business Law § 350 on the ground that the plaintiff had failed to establish the element of reliance. With respect to the remaining cause of action alleging a violation of General Business Law § 349, the jury found that the price match policy was not deceptive or misleading.

The Supreme Court erred when it dismissed the plaintiff's causes of action alleging fraud and a violation of General Business Law § 350 on the ground that the plaintiff had failed to establish the element of reliance. The plaintiff established that he relied on the representations of a Sears employee when he traveled to the third Sears store in an attempt to obtain a price match. However, causes of action alleging violation of General Business Law § 350 and fraud require that the defendant acted deceptively or misleadingly (*see Small v Lorillard Tobacco Co.*, 94 NY2d 43, 57 [1999]; *Andre Strishak & Assoc. v Hewlett Packard Co.*, 300 AD2d 608 [2002]), and the jury subsequently determined that Sears did not act in a deceptive or misleading way. Thus, the plaintiff was not prejudiced by the Supreme Court's error, and reversal is not required.

The Supreme Court properly precluded evidence of the statements of various Sears employees regarding the price match policy on the ground that they were hearsay, and not within any exception. Under the "speaking authority" exception to the hearsay rule, an employee's comments can be binding on an employer if the plaintiff submits evidence in admissible form establishing that the employee's statement was made within the scope of the employee's authority to speak for the employer (*see Cohn v Mayfair Supermarkets*, 305 AD2d 528, 529 [2003]; *Melendez v Melmarkets, Inc.*, 276 AD2d 535, 536 [2000]; *Williams v Waldbaums Supermarkets*, 236 AD2d 605, 606 [1997]). Here, however, the plaintiff did not provide evidence that the Sears employees with whom he spoke when he visited the Sears stores had the authority to speak on behalf of Sears (*see Cohn v Mayfair Supermarkets*, 305 AD2d at 529; *Risoli v Long Is. Light. Co.*, 195 AD2d 543, 544 [1993]).

Interrogatory responses may be used by any party for the purpose of impeaching the credibility of a deponent as a witness (*see* CPLR 3117 [a] [1]; 3131). However, trial courts retain their discretionary power to control the trial and to "avoid unnecessarily protracted or confusing presentation of evidence" (*Feldsberg v Nitschke*, 49 NY2d 636, 643 [1980]). Here, it was within the Supreme Court's discretionary power to limit the plaintiff's use of interrogatories to impeach the credibility of a Sears witness.

The Supreme Court providently exercised its discretion in excluding from evidence later revisions of the price match policy on the ground that this evidence was irrelevant (*see Sanchez v City of New York*, 299 AD2d 475, 475-476 [2002]).

The plaintiff contends that the Supreme Court erred in precluding the introduction into evidence of an audiotape of the plaintiff's conversations with Sears employees which, when aided by a transcript of the recording, was sufficiently audible so that a jury would not be left to speculate as to its contents (*see generally People v Bailey*, 12 AD3d 377, 377-378 [2004]). However, the error made by the Supreme Court in excluding the audiotape was harmless (*see* CPLR 2002; *Nestorowich v Ricotta*, 97 NY2d 393, 400 [2002]), as the audiotape contained nothing of probative value. Rivera, J.P., Angiolillo, Leventhal and Cohen, JJ., concur.