■ FELICIA CHEATHEM, Respondent, v STEPHEN OSTROW et al., Appellants. [954 NYS2d 598]—

In an action, inter alia, to recover damages for sexual harassment, the defendants appeal from a judgment of the Supreme Court, Orange County (McGuirk, J.), dated March 27, 2009, which, upon a jury verdict, is in favor of the plaintiff and against them in the principal sum of $25,000.

Ordered that the judgment is affirmed, with costs.

CPLR 3117 permits the use of an adverse party's deposition for any purpose (*see* CPLR 3117; *Feldsberg v Nitschke*, 49 NY2d 636, 640 [1980]). Additionally, CPLR 4515 permits the introduction of a prior inconsistent statement sworn or subscribed by the witness for purposes of impeachment (*see* CPLR 4515; *Feldsberg v Nitschke*, 49 NY2d at 644 n 2). However, "[a] trial court is not without power to ensure the orderly and fair administration of justice merely because a particular item of evidence is technically admissible. Although there exist general rules for the conduct of trials, deviation from these rules may be necessary to fit the circumstances of a particular case" (*Feldsberg v Nitschke*, 49 NY2d at 643). "[T]rial courts retain their discretionary power to control the trial and to 'avoid unnecessarily protracted or confusing presentation of evidence' " (*Dank v Sears Holding Mgt. Corp.*, 93 AD3d 627, 628 [2012], quoting *Feldsberg v Nitschke*, 49 NY2d at 643).

Here, the Supreme Court providently exercised its discretion in precluding defense counsel from using the plaintiff's deposition testimony to impeach a portion of her trial testimony. At trial, the plaintiff testified that her employer, the defendant Stephen Ostrow, required her to play the game "Simon Says," and that during this game, he instructed her to hop on one foot and expose her bare chest to him. Although the plaintiff did not testify about this event during her deposition, the plaintiff was not asked in her deposition whether she testified to every alleged instance of sexual harassment. Under these circumstances, the use of the plaintiff's deposition testimony to impeach this portion of her trial testimony would have been confusing and unfairly prejudicial, and the Supreme Court properly precluded defense counsel from doing so (*see Dank v Sears Holding Mgt. Corp.*, 93 AD3d at 628). Dillon, J.P., Leventhal, Austin and Miller, JJ., concur.